## SARAH PERSINGER v. JOSHUA JUBB.

*Partition and guardian's sale—Formal defects—Affidavits.*

1. A recital in a decree for partition that a specified party is entitled to share cannot be collaterally attacked even though it be an adjudication that ought properly to have preceded the decree, and though the person named be illegitimate and therefore precluded by statute from claiming any part of the estate.

2. Proceedings for partition need not be held invalid on review merely because the petition therefor was made by an administratrix, as such, so long as it appeared that she had a dower interest and was guardian for minor heirs; the misdescription could have been amended at any stage by leave of the judge of probate.

3. Want of venue to an affidavit of the service of notice is not a fatal defect if the venue is indorsed on the notice and the affidavit is properly entitled and sworn to.

4. Partition before expiration of a dower interest is not forbidden by How. St. § 5983; that statute only provides for making partition afterwards.

5. A description in a deed may be sustained if, with the aid of the usual local inquiries, there would be no difficulty in locating the land.

6. A guardian's oath is not defective for being entitled "In the matter of the estate of Henry McVay et al. minors" since this identifies the estate, which is the purpose of the title.

7. Sufficient publication of notice of a guardian's sale may be shown by other evidence than the affidavit thereof, which is for the purpose of a permanent record.

8. Want of an affidavit of the posting of notice of a guardian's sale is not fatal if the fact is shown in the sworn report of the sale and is recited in the order confirming it.

9. The probate judge's approval of the bond given by a guardian before selling his ward's real estate sufficiently appears by the recital of the fact in the order confirming the sale.

10. A guardian's report of the sale, for a round sum, of two parcels of land, one belonging to each of two wards, is not necessarily to be construed as showing that both were sold together for one sum or to impeach the judge's performance of his duty in satisfying himself as to the facts before confirming the sale.

Error to Wayne.   (Jennison, J.)    Oct. 23.—Dec. 21.

EJECTMENT.   Plaintiff brings error.   Affirmed.

*Conely, Maybury* and *Lucking* for appellant.   Partition proceedings cannot be instituted until a decree shall have been made assigning the property to the persons entitled to take, and naming the proportions to which each is entitled: *Campau v. Campau* 19 Mich. 122; the interest of one petitioning for partition must be affirmatively set forth: *Shipman v. Butterfield* 47 Mich. 487; *Besancon v. Brownson* 39 Mich. 392; notice of the proceedings can not be shown by an affidavit that has no venue: *Gillett v. Needham* 37 Mich. 143; or if it is not properly entitled: *Arnold v. Nye* 11 Mich. 456; a guardian's sale is void unless the requisites prescribed by statute are complied with.  *Ryder v. Flanders* 30 Mich. 343–4; *Stewart v. Bailey* 28 Mich. 251; *Toll v. Wright* 37 Mich. 93; *Dexter v. Cranston* 41 Mich. 448; *Ellsworth v. Hall* 48 Mich. 407.

*Henry M. Duffield* for appellee.

COOLEY, J.   Ejectment to recover lands, situate in Dearborn, Wayne county, and constituting part of private claim No. 97.

The plaintiff deduces title from her father, William McVay, who died in 1864, leaving, besides the plaintiff, two children, William and Eliza, and also Henry, the son of a daughter, who had died in 1856. Eliza, the widow of William McVay, Senior, was appointed administratrix on his estate, and she was also appointed guardian to the plaintiff and Henry, who were minors.  In 1865, on the application of the widow, the lands belonging to the estate were partitioned between the children and the grandchild, and in 1867 the parcels allotted to the two minors were sold in two separate proceedings, and the defendant in this suit became the purchaser.  The plaintiff contests the validity of both the partition and the sales, and seeks to recover her undivided interest as heir at law in all the lands.  If the partition is sustained, she claims the land set off to her by it.

Several supposed defects in the partition proceedings are pointed out.

1. It is assumed in those proceedings that Henry was one of the heirs at law; whereas plaintiff claims and introduces evidence to show that he was an illegitimate child, and therefore incapable of claiming a share in the estate, the statute expressly declaring that an illegitimate child "shall not be allowed to claim, as representing his mother, any part of the estate of any of her kindred, either lineal or collateral." Comp. L. § 4310. [How. St. § 5773 a.]

It seems to be an answer to this that the statute in terms makes the partition "conclusive on all the heirs and devisees, and all persons claiming under them, and upon all persons interested." Comp. L. § 4512. [How. St. § 5980.] It is argued that it is only conclusive when it is made between the persons entitled; but the order for partition recites that Henry is entitled with the others; and this is an adjudication which cannot be assailed collaterally. It is said that this adjudication ought to precede the order for partition; and regularly that it so; but there seems to be no very substantial reason why they may not be united. No one is harmed by that course, and it is not uncommon in probate courts and other courts for adjudications that immediately succeed each other to be joined in one order.

2. The partition between the heirs was made on the application of the administratrix; and this it is said was incompetent, because she was in no way concerned. It is true that as administratrix she was not concerned; but she was widow with a right of dower, and she was also guardian for the two minor heirs. If she had described herself as guardian, the right would have been apparent. But we are inclined to regard the misdescription as a mere informality. The interest existed, and was apparent to the judge of probate when he received and acted upon the petition which she presented, and he would have had power to permit an amendment to show the fact in any stage of the proceedings. This being so, the proceedings ought not to be held void in another court for the informality.

3. The proof of notice to the parties concerned is said to be fatally defective. The defect consists in this, that the affidavit of service has no venue. But it is indorsed on the back of the notice itself, which is properly entitled, and is sworn to before the register of probate. The venue is thus supplied.

4. The commissioners in partition set off to the plaintiff the reversion in land assigned to the widow for her dower. This, it is said, was incompetent under § 4515 of Compiled Laws. [How. St. § 5983.] But that statute does not forbid partition before the dower expires; it only provides for its being made afterwards. It is applicable when there is occasion for it, and not otherwise.

We find no fatal defect in the partition proceedings, and pass to the proceedings on the sales.

1. The description of the land in the notice of the first sale is said to have been defective. The description is as follows:

" All the right, title, and interest of said minors in and to four and thirty-eight one-hundredths acres of land, assigned to Mrs. Eliza McVay, widow of the late William McVay, of Dearborn, Wayne county, Michigan, for and as a portion of her dower in and to the estate of said William McVay, deceased, assigned to her by the commissioners in dower in said matter, and being a part of said estate next to and adjoining the ridge road, so-called, on the westerly side thereof; also three acres and fourteen one-hundreths on the westerly side of the river road, being in the same condition as first above-described tract, and being a part of the McVay estate in Dearborn, aforesaid."

No doubt this description might be improved, but there could have been no difficulty in locating the land by means of it, with the aid of such local inquiries are as usually needful. It may be assumed that it would not be well known in the neighborhood what part of an estate had been set off to the widow for her dower, but some other particulars are here given to aid in identifying the land intended.

2. The oath taken by the guardian before making the sale is said to be defective because entitled merely " In the matter of the estate of Henry McVay et al., minors." But

this identified the estate, which is the office of the entitling . in any case.

3. The affidavit of publication of notice of sale in a newspaper showed a publication for three weeks only, when six were required. It was shown by other evidence, however, that sufficient publication was had, so that the defect in the affidavit became unimportant in this suit. The affidavit is for the purposes of a permanent record; but if the record is not made, the facts may nevertheless be shown.

4. There was no affidavit on file of the posting of notices of sale as required by law, but the report of sale, made under oath, showed that the posting took place, and the order confirming the sale recites the fact. This is sufficient.

The supposed defects in the second sale are:

1. The bond given by the guardian on the sale does not appear by any indorsement to have been approved by the probate judge. But the order confirming the sale recites an approval, and the fact may as well appear by the order as in any other manner.

2. The guardian reports two parcels of land sold, one belonging to each of her wards, for a round sum named. This, it is said, is a report that the two were sold together for the one sum. But, while this may be the most natural and obvious construction of the report, it is not a necessary construction. The report was made to a judge having power to inquire into the facts, and who was required in the performance of his judicial duty to do so; and we cannot say that he did not find that the parcels were separately sold. He seems, at any rate, to have satisfied himself in respect to the sale, and to have confirmed it accordingly; and we discover nothing that should necessarily have precluded this action.

We agree with the circuit judge that the plaintiff made no case, and the judgment must be affirmed with costs.

The other Justices concurred.