HARVEY H. AUSTIN v. MARY A. DOLBEE AND NATHANIEL C. AUSTIN.

*Deed—Sufficiency of description.*

One of three heirs conveyed by warranty deed to his brother 50 acres of land, which had been set off to him on a partition by the heirs of their father's estate. Immediately after the

---

[1] Death resulted from double pneumonia.

description in the deed of the 50 acres appeared the following clause: "Also all my right, title, and interest in and to my father's estate at law." And it is held that the latter description was sufficient to convey the reversionary interest of the grantor in the portion of the heirship land set off on such partition to the widow for her life.

Appeal from Van Buren. (Buck, J.) Argued June 7, 1894. Decided June 26, 1894.

Bill for partition. Complainant appeals. Decree reversed, and one entered granting the prayer of complainant. The facts are stated in the opinion.

*Titus & McNeil,* for complainant.

*Breck Bros.,* for defendants.

HOOKER, J. One S. S. Austin having died intestate August 5, 1879, his property, consisting of 200 acres of land and some personal property, was divided by his widow and heirs by mutual quitclaim deeds, whereby each received 50 acres in fee, except the widow, who took 50 acres for life. Each of the three heirs consequently had an undivided one-third interest in the reversion. On April 30, 1881, Nathaniel C. Austin, one of said heirs, executed and delivered to his brother, Harvey H. Austin, a deed of his 50 acres, in which deed the description of said 50 acres is followed by the following language, viz.:

"Also all my right, title, and interest in and to my father's estate at law, in S. S. Austin's estate."

The widow died in 1893, at which time Nathaniel was living upon the premises, and still remains there, claiming to own an undivided one-third. Complainant filed a bill for partition against his sister, Mary A. Dolbee, who demurred, upon the ground that Nathaniel was a necessary party; and Nathaniel was made a party upon his own petition, alleging ownership of one-third of the premises,

and praying partition. The case was heard upon pleadings and proofs, and a decree was made that said premises be partitioned equally among the three.

Two questions are involved:

1. The sufficiency of the description to convey Nathaniel's share.
2. Fraud in causing it to be included in the deed when signed, or afterwards inserted.

The case was disposed of in the circuit court upon the first of these, the court holding that the description was inadequate to convey Nathaniel's interest. In this opinion we are unable to concur. The land was a part of the estate of S. S. Austin, which was susceptible of identification as such. It was conveyed by a warranty deed, duly signed, sealed, and acknowledged. It is not necessary that a conveyance shall specifically describe premises sought to be conveyed. It is sufficient if its terms are such as to permit them to be identified. Such descriptions are more common in wills than deeds, and are uniformly held good. *Persinger v. Jubb*, 52 Mich. 307; *Rood v. Hovey*, 50 Id. 399.

It is said by counsel for defendants that—

"There is an entire absence of references or other identifying circumstances, or, if it was intended to convey land by the clause in question, it leaves its identity wholly uncertain, and the grant is void."

The deed describes the land as all of the grantor's right, title, and interest in and to S. S. Austin's estate at law. There could be no great difficulty in ascertaining what S. S. Austin's estate at law was. A number of authorities in point are cited in the brief for complainant, among them Devl. Deeds, § 1013; *Jackson v. DeLancey*, 11 Johns. 365; *Brantly v. Kee*, 5 Jones' Eq. 332; *Nichols v. Johnson*, 10 Conn. 192; *Hurley v. Brown*, 98 Mass. 545.

The circuit judge, who saw the witnesses, expresses no

opinion upon the question of fact, and we have not the benefit of his opinion. We are satisfied that the clause in dispute was contained in the deed when it was executed, and do not feel justified by the evidence produced in setting aside a deed duly executed and attested, upon the claim that it was not understood.

The prayer of complainant's bill will be granted, with costs of both courts.

LONG, GRANT, and MONTGOMERY, JJ., concurred. MC-GRATH, C. J., did not sit.