HURON LAND CO. *v.* ROBARGE.

1. DEEDS—ESTATES OF DECEDENTS—PRIMA FACIE TITLE.
    A deed from the widow and sole heirs at law of a deceased land-owner establishes a *prima facie* title in the grantee, without proof that the estate has never been administered.

2. SAME—DESCRIPTION OF PROPERTY.
    A deed purporting to convey all the right, title, and interest of such persons in and to the estate of such owner, whether real, personal, or mixed, is sufficient to pass their interest in his real estate.

3. TAX TITLES—RIGHT OF POSSESSION—NOTICE TO OWNER—CUTTING TIMBER.
    Under 1 Comp. Laws, § 3961, providing that no purchaser under any tax sale shall enter into possession of the land purchased until six months after notice to the parties in interest of their right to redeem, a tax purchaser who fails to give such notice obtains no possessory title to the land, and, in entering and cutting the timber thereon, he is a trespasser.

Error to Alpena; Emerick, J. Submitted November 14, 1901. Decided December 3, 1901.

Replevin by the Huron Land Company, Limited, against Ignace Robarge. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

This is an action of replevin for timber cut from certain lands described in the affidavit, the writ of replevin, and the declaration. Plaintiff showed a complete chain of record title from the State to it. Defendant claimed title by virtue of a tax deed dated April 7, 1899. Defendant failed to give notice to the original owner of his tax purchase, as required by Act No. 229, Pub. Acts 1897, entered upon the land, and cut off the timber in dispute. Thereupon plaintiff brought this action. The court directed a verdict for the plaintiff.

*R. J. Kelley*, for appellant.

*H. K. Gustin* (*Cahill & Wood*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The patent from the State was issued to Lorenzo M. Mason. He died, and a deed was introduced from Charlotte Mason, his widow, and Charles E. and Julia B. Mason, his children, described in the deed as the sole heirs at law of Lorenzo M. Mason. The proofs conclusively show that they were such. It was unnecessary to show that the estate of Lorenzo M. Mason had never been settled. The title to real estate is in the heirs, and the title conveyed by them is good, subject to the claims of creditors, if the estate has not been administered. The deed from these heirs described the property as "all their right, title, and interest in and to the estate, property, and effects of the late Lorenzo M. Mason, * * * be the said estate real, personal, or mixed," etc. This description was sufficient. *Austin* v. *Dolbee*, 101 Mich. 292 (59 N. W. 608).

2. The defendant was a trespasser. He obtained no right under his tax deed to enter upon the land, or to remove the timber therefrom. He could obtain no possessory title thereto under the law until he had served the notice required under the act above named, and the plaintiff had had six months within which to redeem. *Corrigan* v. *Hinkley*, 125 Mich. 125 (83 N. W. 1020). The serving of this notice is a condition precedent to vesting the title under the tax proceedings in the tax purchaser.

Judgment is affirmed.

The other Justices concurred.