# CHARLESTON

HOLLEY'S EXECUTOR *v.* CURRY *et al.*

Submitted February 24, 1905.    Decided May 27, 1905.

1.  EQUITABLE MORTGAGE—*Deed of Trust.*
    A writing which is in all respects sufficient as a deed of trust securing a debt, except that it is not under the seal of the party purporting to be the grantor therein, is held to be an equitable mortgage. (p. 72).

2.  GRANT—*Description in Conveyance—Extrinsic Testimony.*
    It is essential to the validity of a grant, that the thing granted should be so described as to be capable of being distinguished from other things of the same kind. But it is not necessary that the grant itself should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what is conveyed. *Blake et al.* v. *Doherty et al.*, 5 Wheat. 359. (p. 73).

3. EQUITABLE MORTGAGE— *Sufficiency of Description of Property Conveyed.*

A writing constituting an equitable mortgage, describes the real estate sought to be charged thereby, as follows: "Seventy-two acres of land situate near Hamlin, the same bought of the Land Company. Also twelve and one-half acres of land also situate near Hamlin and the same conveyed to said B. F. Curry by James T. Carroll, Jr. Also three acres situate near Hamlin and known as the old church lot. Also my store house and lot and livery stable and lot in Hamlin." Such writing is not void on its face for uncertainty in the description of the real estate sought to be charged thereby. (p. 72).

4. STATUTE OF ~~ERAUDS~~ *Limitations*—*New Promise.*

The following clause contained in a writing, "to secure to D. S. Holley, as executor of the last will and testament of James A. Holley, dec'd., the payment of whatever amount said B. F. Curry may owe him as such executor on a settlement," is not sufficient to constitute a new promise removing the bar of the statute of limitations. (p. 75).

5. EQUITABLE MORTGAGE—*Description of Debt Secured—Sufficiency.*

Such clause contained in a writing, constituting an equitable mortgage, made by a party, is a sufficient description of a debt to secure the amount such party may owe on a settlement to be made, in which settlement there can be included against him only those items not barred by the statute of limitations, at the time of the making and delivery of such writing. (p. 75).

Appeal from Circuit Court, Lincoln County.

Bill by E. W. Holley, executor, against B. F. Curry and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

C. W. CAMPBELL, GEO. R. HEFFLEY, C. E. BURNS, and J. E. CHILTON, for appellant.

D. E. WILKINSON, for appellees. .

COX, JUDGE:

This is an appeal from a decree of the circuit court of Lincoln county, in a suit in chancery brought on the 9th day of August, 1893, by E. W. Holley, surviving executor of James A. Holley, dec'd., against B. F. Curry and others, to enforce the lien of a writing purporting to be a deed of trust bearing date the 2nd day of September, 1882, executed and acknowledged by B. F. Curry to J. E. Chilton, trustee, against

certain real estate which plaintiff claimed was charged by said writing for the purpose of securing a debt to plaintiff as executor. Such proceedings were had that upon final hearing, plaintiff's bill was dismissed, and of this plaintiff complains.

Numerous defenses were interposed by the defendant by demurrers, answers and otherwise. It is claimed by the defense that the writing aforesaid is a mere nullity and that it cannot be enforced as a lien, for the following reasons: First, because it was not under seal. Second, because of uncertainty in the description of the real estate sought to be charged thereby. Third, because of uncertainty in the description of the debt sought to be secured thereby to James A. Holley's executor.

The writing purports to be a deed of trust. It was executed, acknowledged and recorded as such, but no seal or scroll was affixed to the signature of B. F. Curry thereto. It is not a deed. _Atkinson_ v. _Miller_, 34 W. Va. 115; _Dickinson_ v. _Railroad_, 7 W. Va. 390. Although not a deed, if otherwise free from objection, it is, in substance, a contract for a lien, and as such, an equitable mortgage. _Atkinson_ v. _Miller_, _supra_; _Wayt_ v. _Carwithen_, 21 W. Va. 516; _Knott_ v. _Mfg. Co._, 30 W. Va. 790.

In determining matters of description of the real estate sought to be charged, and of the debt sought to be secured, by said writing, the same principles apply which would apply if the writing were a deed instead of an equitable mortgage.

The writing in question describes the real estate sought to be charged as follows: "Seventy-two acres of land situate near Hamlin, the same bought of the land company. Also twelve and one-half acres of land also situate near Hamlin and the same conveyed to said B. F. Curry by James T. Carroll, Jr. Also three acres situate near Hamlin, and known as the old church lot. Also my store house and lot and livery stable and lot in Hamlin."

There are many decisions by this Court on the subject of descriptions of real estate, in deeds and other writings. Among them are _Warren_ v. _Syme_, 7 W. Va. 474; _Thorne_ v. _Phares_, 35 W. Va. 771; _Simpkins_ v. _White_, 43 W. Va. 125; _Mathews_ v. _Jarrett_, 20 W. Va. 415; _Westfall_ v. _Cottrills_,

24 W. Va. 763. The decisions of other states on the question of description are almost innumerable, and not always consistent. It may be laid down generally, that great liberality is allowed in the matter of description. In description, that is certain which can be made certain. A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey. The office of description in a deed or other writing, is not to identify the land, but to furnish means of identification. *Simpkins* v. *White, supra; Blake* v. *Doherty*, 5 Wheat, (U. S.) 359; *Cox* v. *Hart*, 145 U. S. 376; 2 Devlin on Deeds (2nd Ed.) section 1012, note 1; Jones Real Prop. section 323; Brewster on Conveyancing, section 75.

In the case of *Blake* v. *Doherty, supra,* the opinion being delivered by Chief Justice Marshall, it is held: "It is essential to the validity of a grant that the thing granted should be so described as to be capable of being distinguished from other things of the same kind. But it is not necessary that the grant itself should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what is conveyed."

Usually general descriptions such as "all the estate both real and personal of the grantor;" "all my land" in a certain town, county or state; "all my land wherever situated;" "all my right, title and interest in and to my father's estate at law," and the like, are held good. Brewster on Conveyancing, section 81; *Pettigrew* v. *Bobbellaar*, 63 Cal. 396; *Frey* v. *Clifford*, 44 Cal. 335; *Austin* v. *Dolbee*, 101 Mich. 292; *Huron Land Company* v. *Robarge*, 128 Mich. 686; *Warren.* v. *Syme, supra.*

Descriptions omitting town, county or state where the property is situated, have been held sufficient, where the deed or writing provides other means of identification. *Hawkins* v. *Hudson*, 45 Ala. 482; *Webb* v. *Mullins*, 78 Ala. 111; *Garden City Sand Co.* v. *Miller*, 157 Ill. 225; *Lloyd* v. *Bunce*, 41 Iowa 660; *Mee* v. *Benedict*, 98 Mich. 260; *Norfleet* v. *Russell*, 64 Mo. 176; 13 Cyc. 549; *McCullough* v. *Olds*, 108 Cal. 529; 41 Pac. Rep. 420. Many other cases might be added.

"If the land is situated in a city, and the land is described as being in a certain city, although the name of the state or

county may not be given, the court in an action of ejectment in which the deed is offered in evidence, will take notice that such city is in a certain county in the State." 2 Devlin on Deeds, (2nd Ed.) section 1011; *Harding* v. *Strong*, 42 Ill. 148.

Under the authorities, the writing in question is not on its face void for want of certainty in description of the real estate sought to be charged thereby. This writing does not state in what county or state the real estate is situated. It was acknowledged and recorded in Lincoln county, in this State. The number of acres in some of the tracts is given. Three of the tracts are described as near Hamlin, the fourth as in Hamlin. The first tract is described as the same bought of the Land Company. The second, as conveyed to Curry by James T. Carroll, Jr. Hamlin is the county seat of Lincoln county, in this State, and of this fact the Court will take judicial notice. *People* v. *Faust*, (Cal.) 45 Pac. Rep. 261. These things afford some, and we think sufficient means of identification.

The papers copied in the record marked "B. F. Curry's Title Papers," cannot be considered, as they appear to have been copied in the record without authority.

This cause was twice referred to Commissioners; the last time to Commissioner Jimison, who, in response to the requirement that he report "the number of acres and value of the lands named in said deed of trust, its location and what title, if any, Curry has to the same," reported certain lands included under the description in said writing. We cannot disturb this finding.

The writing in question describes the debt sought to be secured thereby in the following language: "And to secure D. S. Holley as executor of the last will and testament of James A. Holley, dec'd., the payment of whatever amount said B. F. Curry may owe him as such executor on a settlement." An indulgence of twelve months was provided for by this writing. Is this description sufficient to secure any debt to Holley, executor? A deed of trust or other writing charging real estate to secure a debt, must in some way describe and identify the debt it is intended to secure. Literal accuracy is not required. Substantial accuracy—reasonably describing the debt—is sufficient. The description of the

debt must be correct as far as it goes, and must be full enough to direct attention to the sources of correct information, and be such description of the debt as not to mislead or deceive as to its nature and amount. *Goff* v. *Price*, 42 W. Va. 384.

It is held in the case of *Riggs* v. *Armstrong*, 23 W. Va. 760, that, "It is not necessary to the validity of a trust deed that it should truly state the debt it is intended to secure; but it may stand as a security for the real equitable claims of the *cestui que trust*, if they appear to be *bona fide* and are satisfactorily proven to be the debts intended, in fact, to be secured." See also *Finley* v. *Cunningham*, 53 W. Va. 1; *Shirras* v. *Craig*, 7 Cranch 34; *McCarty* v. *Chalfant*, 14 W. Va. 531; *Lawrence* v. *Tucker*, 23 How. 14; *Lyle* v. *Ducome*, 5 Binn. 590; *Wood* v. *Weimer*, 104 U. S. 786; *Bowen* v. *Ratcliff*, 140 Ind. 593; 49 Am. St. Rep. 203.

The description here gives the party from whom and to whom the debt is due. Settlement is all that remains in order to ascertain the true amount secured. It seems clear to us that the description of the debt is sufficient. The description being sufficient, it is still necessary to determine what is included in it. Does the clause "to secure to D. S. Holley as executor of the last will and testament of Jas. A. Holley, dec'd., the payment of whatever amount said B. F. Curry may owe him as such executor on a settlement," include all items against Curry upon settlement, whether such items were barred by the statute of limitations or not, at the time the writing was made and delivered? In other words, does this clause constitute a new promise by Curry, removing the bar of the statute of limitations? Under our decisions the answers to these questions are not difficult. The clause mentioned does not constitute a new promise removing the bar of the statute of limitations.

In the case of *Quarrier's Admr.* v. *Quarrier's Heirs*, 36 W. Va. 310, it was held that "a promise to pay the 'agreed balance on your judgment,' is not good as a new promise, the amount of such agreed balance not appearing."

In the case of *Bell* v. *Crawford*, 8 Grat. 110, it was held that "a promise to settle is not good as a new promise."

Judge Brannon, in the opinion in the case of *Quarrier's Admr.* v. *Quarrier's Heirs*, *supra*, said: "On similar reason-

ing we can say that a promise to pay a balance not defined but to be agreed on or settled in the future, will not constitute a new promise."

In the case of *Stiles* v. *Laurel Fork Oil & Coal Co.*, et al., 47 W. Va. 838, it was held that, "An acknowledgment in writing, to operate as a new promise to remove the bar of the statute of limitations, must be a clear and definite acknowledgment of a precise sum, plainly importing a willingness and liability to pay, not in any wise conditional, nor by way of compromise or attempt at settlement." See also *Finley* v. *Cunningham*, *supra*. In the settlement to be made, under the clause in question, only those items against Curry not barred at the time the writing was made and delivered, can be included.

One of the objects of this suit is to make settlement under this clause. Commissioner Jimison in his report, allowed against B. F. Curry three items, Exhibits 4, 5 and 6, with plaintiff's bill, not barred by the statute of limitations, which, with interest to September 2nd, 1882, less payment made by B. B. Curry, aggregated the sum of $234.75; and as a set-off to this aggregate sum, he allowed two items, viz., $166.18 and $188.18, being the individual store accounts due the firm of B. F. Curry & Bro., from Margaret Holley and D. S. Holley individually. These items of set-off more than extinguished the three items of charge above mentioned, but no allowance was made for the residue. The item of $166.18 was excepted to by the plaintiff in the court below; but the other item of $188.18, was not excepted to. As to the item of $166.18 excepted to, we have examined the evidence and do not find it sufficient to justify that set-off. Neither do we find the evidence sufficient to justify the charge against B. F. Curry under the equitable mortgage for the Margaret Holley note, being Exhibit No. 5 with the plaintiff's bill. Exhibits Nos. 4 and 6 were proper charges against B. F. Curry. B. F. Curry claimed to be only the security of his brother B. B. Curry, as to those items, but as to the payee, both B. B. Curry and B. F. Curry were principals. Excluding the Margaret Holley note, and including the set-off of $188.18, the set-off more than extinguishes the amount of Exhibits 4 and 6. Therefore, nothing is chargeable against

B. F. Curry under the equitable mortgage, on account of said Exhibits Nos. 4 and 5.

All other items on both sides of the account, were barred by the statute of limitations at the time the writing in question was made and delivered, except the two items allowed by Commissioner Jimison, as follows:  Exhibit No. 7 filed with plaintiff's bill, being the C. A. Johnson note, amounting with interest to the 15th of October, 1902, to $36.17.  Amount due on the H. H. Miller note, with interest to October 15, 1902, amounting to $696.29.  These two items aggregated $733.46.  These items were properly reported by Commissioner Jimison as the true amounts due from B. F. Curry to the estate of James A. Holley, dec'd., and secured by said equitable mortgage.

Commissioner Jimison reported that there was due to L. M. Thacker on the Scites notes, also secured by said equitable mortgage, the sum of $136.00.  This debt must be provided for *pro rata* with the plaintiff's debt in any sale under said equitable mortgage.

For the reasons stated, the decree of the circuit court of Lincoln county, entered in this cause on the 15th day of February, 1904, is reversed, and this cause is remanded to be further proceeded with according to the principles announced in this opinion and the rules governing courts of equity, and with directions to pass upon the exceptions to the reports of the commissioners and to enter such proper decrees as may be necessary to subject the real estate reported by Commissioner Jimison, to the payment of the plaintiff's debt and the debt reported in favor of Thacker, with proper interest on each.

*Reversed.*