## TUTHILL v. KATZ.

1. JUDGMENT—DECREE IN EQUITY—CONCLUSIVENESS.

In an action of ejectment to recover the possession of lands which defendants claimed to own by virtue of a deed containing a mistake in the description, a decree previously entered in chancery proceedings, in which defendant's grantor was a complainant and plaintiff was a defendant, involving the same mistake, was not admissible in evidence, where the decree ordered that the bill of complaint, which contained a prayer for the correction of the mistake, be dismissed, without reciting the reasons therefor, or determining the question at issue in ejectment.

2. DEEDS—EJECTMENT—CONVEYANCE—DESCRIPTION.

The description in a deed of a parcel of land known as the William Rowley farm, sufficiently identified by the evidence, is a sufficient conveyance of the premises, although it contains also an erroneous description by governmental subdivisions: the mistaken portion of the deed must be rejected, and remainder be treated as controlling, in an action at law.

3. SAME—DESCRIPTION—MISTAKE.

False and impossible parts of descriptions in conveyances may be rejected if by doing so a good description remains.

4. SAME—EVIDENCE—EQUITY JURISDICTION.

Parol evidence may be resorted to in applying a deed to its subject-matter, in an action of ejectment, if the description is ambiguous.

5. SAME—TAXATION—NOTICE TO REDEEM FROM TAX PURCHASE.
Defendants in ejectment who claim to be in possession of real property, gain no additional rights by virtue of a tax deed from the State, if they have failed to serve the statutory notice, which is held to be a condition precedent to the vesting of title under tax proceedings. *Huron Land Co.* v. *Robarge,* 128 Mich. 686 (87 N. W. 1032).

Error to Calhoun; North, J. Submitted November 17, 1910. (Docket No. 102.) Decided December 7, 1910. Rehearing denied February 1, 1911.

Ejectment by Rosette I. Tuthill against Frank Katz and Frederick Katz. A judgment for plaintiff on a verdict directed by the court is reviewed by defendants on writ of error. Reversed.

*Louis C. Miller,* for appellants.

*J. M. Hatch,* for appellee.

STONE, J. This is an action of ejectment in which the plaintiff seeks to recover possession of 17.74 acres of land, more or less, being all of the northwest fractional quarter of section 15, lying between the east half of southwest quarter of section 10 and Cedar Lake, in town 3 south, of range 6 west, situate in the township of Fredonia, Calhoun county. The plea was the general issue, with notice of special matter, that it will not be necessary to refer to specifically.

It is undisputed that as early as September, 1861, one William Rowley was the owner of the premises in question, and that he continued to own the same, at least, until September, 1878; and that, with certain other lands on section 10 in the same township, they were known as the William Rowley farm. At the trial, the plaintiff's claim of title consisted of two quitclaim deeds to her, both bearing date January 24, 1882, one executed by William Rowley, and the other by William Rowley and his wife, Sarah, and both duly recorded. It was admitted that at the time

of commencement of suit, the defendants were in possession of the premises in question, and that plaintiff had never been in actual possession. Claiming to defeat the plaintiff's claim of title, the defendants offered in evidence the following described deeds:

(1) A warranty deed bearing date September 18, 1878, between William V. Rowley and Sarah Rowley, his wife, of the township of Fredonia, Calhoun county, Mich., of the first part, and Alonzo J. Rowley, of the same place, of the second part, in consideration of $3,000, purporting to convey all of the following described lands and premises, to wit:

"The southeast quarter of the southwest quarter, 40 acres, the northwest quarter of the southeast quarter, 40 acres, and the south half of the northwest quarter, 80 acres, of section ten. Also the northeast fractional quarter of section fifteen, 17½ acres. All in township number three south, of range number six west, in Calhoun county and State of Michigan, containing one hundred and seventy-seven and one-half (177½) acres according to the United States survey, and known as the William Rowley farm, excepting forty acres reserved as a homestead, in Fredonia, saving and reserving and excepting above granted, a life estate during the natural life of said William V. Rowley and Sarah Rowley, his wife, and of the natural life of the survivor of the two, which life estate to himself and his wife, and the survivor of the two is reserved and excepted to secure to them a home for life, as will more fully appear by a lease from said Alonzo J. Rowley and Mary E. Rowley, his wife, to William V. Rowley and Sarah Rowley, his wife, bearing even date with this deed, securing a life estate to said William V. Rowley, and his wife, Sarah, and to the survivor of the two, which provisions for my wife are in lieu of dower, and if accepted will bar all right of dower."

The deed concludes with the usual covenants of a warranty deed, excepting what is reserved and excepted. Deed recorded October 17, 1881.

(2) A certified copy of a warranty deed dated January 12, 1882, executed by Alonzo J. Rowley and Mary E. Rowley, his wife, as grantors, to George S. Woolsey, as

grantee, consideration $560, describing the same premises, and in the same way, and subject to the same life estate as in paragraph (1) above, and also subject to a mortgage. This deed was recorded February 19, 1882.

(3) A certified copy of a warranty deed dated February 8, 1909, executed by George S. Woolsey and Phebe J. Woolsey, his wife, as grantors, to Frank G. Katz, as grantee, for a consideration of $6,000, describing the premises as follows:

" All of the south half of the northwest quarter of section ten (10), also all of the east half of the southwest quarter of section ten (10), also the northwest quarter of the southeast quarter of section ten (10), and also all that part of the east half of the northwest quarter of section fifteen (15) north of Cedar Lake, all being in town three (3) south, of range six (6) west."

This deed was duly recorded February 8, 1909.

It also appeared that said George S. Woolsey purchased the life estate of Sarah Rowley on April 24, 1906, by deed recorded May 15, 1906, and that both William Rowley and Sarah Rowley died before the beginning of this suit. It also appeared, and was undisputed, that William Rowley lived upon this farm for about 20 years, the buildings being located on section 10; that it was known as the William Rowley farm; that the farm was fenced with line fences between it and adjoining farms; that it consisted of the south half of the northwest quarter, the southeast quarter of the southwest quarter, and the northwest quarter of the southeast quarter, all on section 10, and the northeast fractional quarter of the northwest quarter of section 15; that there was no part of the William Rowley farm, as it was then known, on the northeast fractional quarter of section 15, and that he never owned any land on that east side of the lake; that there were 17½ acres in the parcel described as the northeast quarter of the northwest fractional quarter of section 15, and 131 acres on the northeast fractional quarter of section 15. The buildings were located on the north side of the highway on the

northeast quarter of the southwest quarter of section 10, and that description constituted his homestead; that there was no fence between the northeast fractional quarter of the northwest quarter of section 15, the premises in dispute here, and the premises immediately north of them; that all was occupied as one parcel and belonged to the same farm—the William Rowley farm—and that he had no other farm. It also appeared, and was not disputed, that after William Rowley deeded to Alonzo J. Rowley, William Rowley and wife remained in possession until William Rowley died, and after that time Mrs. Rowley remained in possession until she deeded to George S. Woolsey, who was in possession until he sold to defendant, Frank G. Katz, and the latter has been in possession ever since. Upon rebuttal, the plaintiff offered in evidence the records and files in a chancery case in the circuit court in chancery, of Calhoun county, wherein George S. Woolsey was complainant and William V. Rowley, Sarah Rowley, Rosette I. Tuthill, Alonzo J. Rowley, and Mary E. Rowley were defendants. The defendants William V. Rowley, Sarah Rowley, and Rosette I. Tuthill answered, and the other defendants did not appear, and the bill of complaint was taken as confessed as to them.

One object of this bill of complaint was to obtain a decree correcting the description of the 17½ acres of land in dispute, contained in the deed from William V. Rowley and wife to Alonzo J. Rowley. It stated that by mistake the land had been described as the northeast fractional quarter of section 15, whereas it was the intention of the parties to convey the northeast fractional quarter of the northwest quarter of said section. No affirmative relief was claimed by the defendants who answered in said cause. Upon the hearing of said chancery cause, in 1890, the bill of complaint was by decree dismissed as to said land on section 15, and no relief whatever was granted the complainant, as affecting the premises in question. The said files and records were admitted in evidence upon the trial, against the objection and exception of the defend-

ants.   At the close of the testimony the plaintiff moved for a directed verdict in her favor.

The defendants presented the following requests to charge:

"(1) If you shall find that on September 18, A. D. 1878, William Rowley owned the premises described in the declaration in this case, to wit, the northeast fractional quarter of the northwest fractional quarter of section 15, township of Fredonia, Calhoun county, Michigan, that his dwelling house was not situated on this particular description, and it constituted no part of his homestead, and that these premises were a part of, and belonged to what was known as, the William Rowley farm, in the said township of Fredonia, and that William Rowley did not own the northeast fractional quarter of said section 15 in said township of Fredonia at that time, then your verdict must be for the defendants.

"(2) There is no dispute in the evidence in this case, and I direct you to find a verdict for the defendants."

Both of defendants' requests to charge were refused, and the court granted plaintiff's motion, and directed a verdict for the plaintiff.

The defendants have brought error, and claim by their assignments of error that the court erred in admitting in evidence the files and records in the chancery case; also that it erred in directing a verdict for the plaintiff, and in not granting defendants' requests to charge. The questions raised may well be considered together.

We are unable to see wherein the files and records in the chancery case were relevant to the issue. It appears that while George S. Woolsey claimed to be the owner of the premises, he filed this bill of complaint to have an alleged mutual mistake, in the deed from William V. Rowley and wife to Alonzo J. Rowley, corrected. William Rowley and wife and this plaintiff answered, but claimed no affirmative relief. Upon the hearing, the circuit judge dismissed the bill. The reasons given were no part of the decree, and the parties were left *in statu quo.*

The grantee of Woolsey, one of the defendants here, now claims that there was a mistake in the description of

the land on section 15, in the deed; but the defendants say that notwithstanding the mistake, taking the whole deed and description of the premises into consideration, the mistake corrected itself, and it was a good deed of the lands on the northwest fractional quarter of section 15. The plaintiff claims under subsequent deeds from William Rowley. This brings us to the consideration of the meritorious question in the case.

In the light of all the evidence in the case, can it be said that the deed from William Rowley and wife to Alonzo J. Rowley, and the deed from the latter to George S. Woolsey (both of which were delivered before plaintiff's quitclaim deeds were made) conveyed title to the premises in question? The lands in section 15 were erroneously described. It appears, however, that the northwest fractional quarter of section 15 constituted a part of the William Rowley farm, and the place was "known as the William Rowley farm." The uncontradicted evidence shows that the said farm was well known and defined; that it was fenced, and occupied by William Rowley as one property. He did not own the northeast fractional quarter of the section. The latter description contains 131 acres, while the former contains only 17 and a fraction acres, which corresponds with the number of acres described in the deed. It is a significant fact that the said William Rowley occupied the northwest fractional quarter as a part of his farm. Probably nobody would deny that a deed of the farm in Fredonia township, known as the William Rowley farm, would convey title to such farm as known and occupied. But it is claimed that when there is an attempt to describe government subdivisions, or by metes and bounds, that the same must be described correctly and without ambiguity. Fortunately we are not without authority upon this subject in this State.

In the early case of *Ives* v. *Kimball*, 1 Mich. 308, a deed described a piece of land, as all that tract or parcel of land situate in the town of Logan, county of Lenawee,

and Territory of Michigan, being known and distinguished as the east half of the northwest quarter of section 21, in township No. 26 south, of range No. 3. There was no surveyed township No. 26 in Logan. *Held*, that the number of the township might be rejected, as repugnant to the other parts of the description. And, it appearing from the act organizing the town, that there were two sections numbered 21 in the town, corresponding with the description in the deed, one in surveyed township numbered six, and one in surveyed township numbered seven, both in range 3 east, the same was held not to be a patent ambiguity, although the court was bound judicially to take notice of the act organizing the town, and that parol evidence of surrounding circumstances and collateral facts might be received to show which of the two sections was intended by the grantor. It is said that as a rule ambiguities in the description of property are necessarily latent, as it is not until the description is attempted to be applied to the property itself, which must be by parol aid, that the ambiguity is perceived, and whenever the ambiguity is made apparent by parol aid, it must be removed by parol evidence. False and impossible parts of descriptions should be rejected, where, by so doing, a good description remains.

If the term "known as the William Rowley farm," points out with sufficient certainty the premises to be conveyed, then the additional false or mistaken description, to wit, the northeast fractional quarter of section 15, does not vitiate it. The subdivision of the section described, it seems, must have been a mistake in the deed, if a part of the William Rowley farm, and, being false, it must be rejected. But this does not render the deed void.

We quote from *Ives* v. *Kimball*, 1 Mich. 308, as follows:

"In the case of *Boardman* and others v. *Lessees of Reed* and *Ford*, 6 Pet. 345. Mr. Justice McLean, delivering the opinion of the court, says:
168 MICH.—40.

" 'The entire description in the patent must be taken, and the identity of the land ascertained by a reasonable construction of the language used. If there be a repugnant call, which, by the other calls in the patent, clearly appears to have been made through mistake, that does not make void the patent.'

"In that case, the land was described in the patent as lying in the county of Monongalia, and further described by reference to natural monuments, and it appeared that the land described by the monuments was in the county of Harrison, and not in Monongalia; and that part of the description which related to the county was rejected, and effect given to the patent. In the case of *Stringer* and others v. *Lessee of Young*, 3 Pet. 320, the same question arose upon a similar patent, and Chief Justice Marshall, delivering the opinion of the court, says that the 'misnomer of the county must admit of explanation; and if explanation can be received, the patent is not absolutely void.' The question in the case of *Loomis* v. *Jackson*, 19 Johns. (N. Y.) 449, arose between a party claiming under a mortgage, and a subsequent purchaser from the mortgagor. In the mortgage, the land was described as being a part of lot No. 51; in the deed, as being a part of lot No. 50. The descriptions in the deed and mortgage were the same in every respect, except that the deed expressed the true number of the lot. Both instruments contained other calls from which the land could be identified, and the court rejected the false number in the mortgage, and held it valid. Indeed, the doctrine that 'if there be certain particulars sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance false or mistaken, will not frustrate the grant,' accords too plainly with 'the suggestions of good sense and dictates of morality,' ever to be seriously questioned."

It will be noted that *Ives* v. *Kimball, supra*, was a law case. Many other authorities are there cited and reviewed.

*Moran* v. *Lezotte*, 54 Mich. 83 (19 N. W. 757), was an action of ejectment. It was there held that the statement of quantity in the descriptive clause of the deed may properly be taken as controlling, where the circumstances show that it is the particular least likely to be wrong, and where the description is ambiguous or indefinite in respect to

fixed lines and monuments. It was there held that in ejectment for land which defendant claims was not included in the deed under which the plaintiff's title is asserted, the plaintiff, if the deed is ambiguous, can show such conjoint acts of the parties thereto, as tend to show their understanding of the location of the boundary, etc.

In the instant case, we have quoted enough of the language contained in the deed to show that it was the intention of the parties that the home farm was being conveyed, and details were entered into relating to a life lease, etc.

In *Persinger* v. *Jubb*, 52 Mich. 304 (17 N. W. 851), it was held, in an action of ejectment, that a description in a deed may be sustained if, with the aid of the usual local inquiries, there would be no difficulty in locating the land. Would there have been any difficulty in locating the Rowley farm, in view of the undisputed evidence in the case? We think not.

In *Wilt* v. *Cutler*, 38 Mich. 189, which was an action of ejectment, a deed dated in 1840 described land as situated in the county of Lenawee and Territory of Michigan, and assigned part of it to township 7 south, range 7 east. There was such a township and range in Monroe county, but not in Lenawee, and at the date of the deed Michigan was no longer a Territory. In construing the deed, the general description by the name of the county was rejected, and it was held good for lands in the township and range specified. We might quote from many other cases, but will simply cite a few that are in point: *Anderson* v. *Baughman*, 7 Mich. 69 (74 Am. Dec. 699); *Russell* v. *Sweezey*, 22 Mich. 240; *Slater* v. *Breese*, 36 Mich. 77; *Francis* v. *Barry*, 69 Mich. 311-319 (37 N. W. 353); *Austin* v. *Dolbee*, 101 Mich. 294 (59 N. W. 608).

Plaintiff's counsel errs in claiming that only an equitable title passes under such circumstances as we have referred to. We have shown that in ejectment parol evidence may be resorted to to aid the court in applying the deed to its proper subject-matter, where there is ambiguity. Under the evidence, the premises conveyed could

not have been in the northeast quarter of section 15, if a part of the Rowley farm.

As the case must go back for a new trial, we note in passing that the defendants could claim nothing for the tax deed offered in evidence, as there was no evidence of service of the statutory tax notice, which is a condition precedent to vesting title under the tax proceedings. *Huron Land Co.* v. *Robarge*, 128 Mich. 686 (87 N. W. 1032).

We think that the court erred in directing a verdict for the plaintiff, and in refusing to give defendants' requests to charge the jury.

The judgment must be reversed, and a new trial granted.

BIRD, C. J., and MCALVAY, BROOKE, and BLAIR, JJ., concurred.