## RUMBLE v. STRANGE et al.

1. A gift by a testator to his son of a tract of land for the latter's "use and benefit during his natural life, and to his lawful heirs after his decease, if any," did not create a defeasible fee in the son, subject to be divested, if he died without lawful heirs; but created a life-estate in the son, with remainder to his children, if he left any.

2. The description of lands devised by a testator to his son, as all his lands lying between the lands left to his wife in his will, and the lands left by him in his will to Sarah Ann Patten and the Richardson children, a small portion of said lands being on the west side of the road running from his residence to John Peters', and adjoining the Byars lot, the lands left to the wife and the last-named parties being sufficiently described to be located, is not so vague as to render the bequest void; and a petition for the recovery of such lands by the children of the son as remaindermen, in which the premises are described as those lands so devised to the son, is not subject to demurrer on the ground that the description of the lands sued for is so uncertain that no judgment for their recovery can be had.

3. The court did not err in overruling a demurrer to the complaint of the plaintiffs, on the grounds (1) that the devise referred to in the first headnote created a defeasible fee, and not a life-estate in the son, with remainder to his children, if any; and (2) that the description of the premises sued for was too vague and indefinite to authorize a judgment in favor of the plaintiffs for their recovery.

. No. 3169.    NOVEMBER 18, 1922.

Complaint for land.    Before Judge Searcy.    Monroe superior court.    March 18, 1922.

Mattie Parks Strange, William Parks, Thomas E. Parks, Lucile Parks, Lillie Parks, Holland Parks, and Louis Parks and Byron Parks, the last two being minors suing by their next friend, brought their action of ejectment against Mrs. S. Rumble, and alleged: (1) that they are the children and sole heirs at law of Melville J. Parks and grandchildren of Gabriel Parks, (2) that Mrs. S. Rumble is in possession, receiving the rents and profits, of certain lands described as follows: "One hundred fifty (150) acres of land in Coxe's District of Monroe County, Georgia, bounded north by Sarah A. Patten land, east by the lands of the Dews or Alexander place (now owned by J. L. Pitts and George Singleton), south by the lands of Monroe Davis and L. D. Owen (formerly owned by M. J. Parks), west by the lands of L. D. Owen (formerly owned by Matt Allen), or road leading from the Gabriel Parks place to residence of John Peters;" (3) that they claim title to said tract of land under the will of their grandfather, Gabriel Parks, dated

May 25, 1878, probated March 1, 1880, and recorded in the court of ordinary of Monroe County, the twelfth item of which is as follows: " I leave to my son, Melville J. Parks, all my lands lying between the lands left to my wife, Martha M. Parks, and the lands left to Sarah M. Patten and the Richardson children, to wit, Josephine Rumble, Henry L. Richardson and Alaqueen Richardson, a small portion of said lands being on the west side of the road running from my residence to John Peters' and adjoining the Byars lot, for his use and benefit during his natural life, and to his lawful heirs after his decease, if any;" (4) that they are all children and heirs at law of Melville J. Parks, the life-tenant above referred to, who departed this life in November, 1919, the land sued for being a portion of the lands referred to in the twelfth item of said will; (5) that Mrs. S. Rumble entered into possession of said lands prior to the death of Melville J. Parks, and has remained in possession, enjoying the rents and profits of a stated value; (6) that Mrs. S. Rumble has no title to said lands; and that the plaintiff's right of entry accrued Jan. 1, 1920, etc.

By amendment to the second paragraph of their petition, the plaintiffs alleged that the land sued for was the east half of lot number 47 and the northwest corner of lot number 47 in the sixth district of Monroe County, Georgia. By amendment to the third paragraph, they alleged that Gabriel Parks owned and was in possession of said lands at the time of his death, and that the same are a portion of the lands bequeathed to Melville J. Parks for life by the twelfth item of the will of Gabriel Parks, who was in possession, at the time of his death, of the east half of said lot 47 under a deed from Wyatt A. Bonner, to Gabriel Parks, executed Sept. 3, 1834, recorded Oct. 29, 1835, and in possession of the remainder of said lot under a deed from Caswell Buys to Gabriel Parks, executed Oct. 29, 1855 and recorded; that Gabriel Parks took possession of said lands under said deeds, and remained in quiet and peaceable possession of the same until his death, when Melville J. Parks entered into possession of the same under the will of Gabriel Parks, and so remained until the sheriff sold said lands on the first Tuesday in November, 1900, when S. Rumble was the purchaser. Upon the death of S. Rumble the defendant took possession of the same, she being his sole heir, and has remained in possession ever since. By amendment, they added a

33

new paragraph as follows: "That the said Mrs. S. Rumble acquired whatever title or rights she has in said land by reason of being the sole heir of S. Rumble, who had purchased said land previously at sheriff's sale, with the distinct understanding and knowledge that while the sale purported to convey the absolute title, as a matter of fact Melville J. Parks only owned a life-estate, and that was all he would acquire at said sale; and before he would bid upon said land, he employed counsel to investigate and advise him as to whether it would be safe to bid, and be bought the same knowing that he only acquired a life-estate therein, which would terminate upon the death of Melville J. Parks."

Plaintiffs attached to their petition a copy of the will of Gabriel Parks, a copy of the said deed from Caswell Buys to Gabriel Parks and a copy of the said deed from Wyatt A. Bonner to Gabriel Parks. By the third item of his will Gabriel Parks gave to his wife, Martha M. Parks, during her natural life, the following property, in lieu of dower, to wit: " All the land belonging to me lying south of the road leading to Forsyth from Thomaston, also a small slip of land lying north of said road, bounded by a drain commencing at the branch that crosses the Forsyth road near the gin-house, running nearly a northwesterly course including the gin-house and the old horse-lot, and intersecting with Thomas G. Scott's line on road running from my house to John Peters', together with the residence on said lands and appurtenances thereon." By the fourth item the testator gave to Sarah Ann Patten, " for her use and the heirs of her body, ninety acres of land, more or less, bounded as follows: ' beginning with the original land line between my lands and the Alexanders' lands running north and south, on the southeast by a line-fence dividing my lands from the lands of said Sarah Ann Patten, running in a meandering course rather northwest until it strikes the road leading from my residence on by John Peters, thence the said road about a north course until it intersects a line running east and west between my land and John Peters, thence running east on said line to the above-described line between my lands and the Alexander lands, thence running south to the aforesaid line fence;" and to said Sarah Ann Patten for her use and the heirs of her body three tenths of a lot of land " lying on the west side of road running from my residence to John Peters', containing about one hundred and forty acres,

more or less, and known as part of Byars place, adjoining the lands of A. J. Howard and W. J. Williamson." By the sixth item the testator gave to his grandchildren, Josephine Rumble, Henry L. Richardson, and Alaqueen Richardson, five tenths of the above-described lot of land, three tenths of which he had already given, in item four, to Sarah Ann Patten.

The deed from Caswell Buys to Gabriel Parks, above referred to, conveys "all that tract or parcel of land situated, lying, and being in the county of Monroe and State aforesaid, known and distinguished in plan of survey by half of lot number nineteen in the sixth district, half of lot number forty-six, sixth district, and a little part of lot number forty-seven in the sixth district, all adjoining, the said land bounded as follows: the said half of nineteen being the east half commencing at corner pine stake near the corner of Mrs. Butler's field, and running south course through said lot until it strikes the old original line running east and west at the middle of said line, from thence east on the old original line until it strikes the line of forty-six, thence on the old line of forty-six until it strikes the spring branch known as Banks spring branch, thence down said branch until it strikes the big branch between Parks and the said Buys land until it strikes the said Parks fence on forty-seven, thence down said fence until it strikes Alexander's line, from thence running north on the old line of forty-six until it strikes the corner of the fence between Daniel Butler and said Buys, known as the line fence, running west until it strikes the old line of nineteen in the center, thence north until it strikes the line of Mrs. Butler's land, from thence running west on the old line of nineteen until it strikes the beginning corner; the settlement containing about two hundred and six acres, more or less." The deed from Wyatt A. Bonner to Gabriel Parks, above referred to, conveys "all that tract or parcel of land situated, lying, and being in the county and State aforesaid, known and distinguished in plan of survey by part of lot no. forty-seven, sixth district, it being the east half of the lot aforesaid adjoining Floyd and E. W. Bozeman."

The defendant demurred to the petition, upon the grounds: (1) that it fails to set forth any cause of action, and fails to allege sufficient facts to authorize a recovery against the defendant; (2) specially to the second paragraph, on the ground that it is ap-

parent from its face that it is an attempt on the part of the plaintiffs to engraft upon the writing, under which it is alleged they claim, " a parol amendment by adding thereto a description of lands not set out in the will alleged to be the source of their alleged title to the lands, it being alleged that they claim title under the alleged will of Gabriel Parks; and they must stand on this, and will not be permitted to add thereto by parol;" (3) specially to the third paragraph, on the ground that the description of the lands therein is too vague, indefinite, and uncertain to convey title to any land whatsoever, and is insufficient in law to serve as a basis for recovery, there being no description of any particular tract or quantity of land; and same is void as a conveyance, for want of sufficient description. The court overruled the demurrer; and error was assigned.

*Redding & Lester,* for plaintiff in error.

*Willingham & Willingham,* contra.

HINES, J. (After stating the foregoing facts.)

1. One of the grounds of the defendant's demurrer to the complaint of the plaintiffs is, that they claim the land in dispute as remaindermen under the twelfth item of the will of Gabriel Parks, when that item does not create a life-estate in Melville J. Parks to the land therein devised, with remainder to his children; but on the contrary vests in Melville J. Parks an estate in fee, subject to be divested if he should die without lawful heirs. If this contention of the defendant is well taken, this ground of her demurrer should have been sustained, and the petition should have been dismissed. By the twelfth item of his will the testator left to his son, Melville J. Parks, certain lands " for his use and benefit during his natural life, and to his lawful heirs after his decease, if any." Did this language vest in Melville J. Parks a base or qualified fee, or a life-estate, with remainder to his children, if he left any? In our judgment it did not vest in the son a fee of any kind. This is so for the plain reason that this item of the will of testator expressly gives to the son only a life-estate in the lands devised. We cannot give to this item an effect contrary to the plain terms used by the testator. By unambiguous language the testator left this land to his son " for his use and benefit during his natural life," and no longer. By no legal legerdemain can we construe this devise as vesting in the son a fee. We cannot enlarge an express life-estate into a fee.

A base or qualified fee is one which has a qualification annexed thereto, and must be determined whenever the annexed qualification requires. It may be an estate in fee in the holder, because by possibility it may endure forever to him and his heirs. *Hill* v. *Alford,* 46 *Ga.* 247, 251; *Kinard* v. *Hale,* 128 *Ga.* 485 (57 S. E. 761). Limitations over to lawful heirs mean to children. Civil Code (1910), § 3660. Giving this meaning to the words, " lawful heirs," in this devise, a life-estate was given to the son, with remainder to his children, if any. *Cooper* v. *Mitchell Inv. Co.,* 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291); *Thomas* v. *Berry,* 151 *Ga.* 7 (105 S. E. 478); *Herring* v. *Rogers,* 30 *Ga.* 615. There is nothing to the contrary of what is here ruled, in the cases of *Hill* v. *Alford,* supra, *Harris* v. *Smith,* 16 *Ga.* 545, *City of Augusta* v. *Radcliffe,* 66 *Ga.* 473, *Gibson* v. *Hardaway,* 68 *Ga.* 370, and *Matthews* v. *Hudson,* 81 *Ga.* 120 (7 S. E. 286, 12 Am. St. R. 305), on which counsel for the plaintiff in error rely. In each of these cases a fee was created with a condition annexed on the happening of which the fee would be divested.

2. Another ground of the demurrer is, that the description of the premises sued for is so vague, indefinite, and uncertain that no judgment can be based thereon. The description in the complaint is as follows: " One hundred fifty (150) acres of land in Coxe's District of Monroe County, Georgia, bounded north by Sarah A. Patten land, east by the lands of the Dews or Alexander place (now owned by J. L. Pitts and George Singleton), south by the lands of Monroe Davis and L. D. Owen (formerly owned by M. J. Parks), west by the lands of L. D. Owen (formerly owned by Matt Allen), or road leading from the Gabriel Parks place to residence of John Peters." Standing alone this description would be sufficient (*Morris* v. *Beckum,* 145 *Ga.* 562, 89 S. E. 704); but it may be said that the right of the plaintiffs to recover depends upon whether the description of the land devised in the twelfth item of the will is sufficient, the plaintiffs alleging that they claim title to the above-described land under said item. The description of the lands embraced in said item is as follows: " All my lands lying between the lands left my wife, Martha M. Parks, and the lands left to Sarah M. Patten and the Richardson children, . . a small portion of said lands being on the west side of the road running from my residence to John Peters', and adjoining the Byars lot."

" The description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed, and makes the identification practicable." *Andrews* v. *Murphy,* 12 *Ga.* 431; *Price* v. *Gross,* 148 *Ga.* 137, 142 (96 S. E. 4). Lord Mansfield upheld a deed, when the description only named the quantity of the land, and the persons in whose possession it was. 5 Taunton, 207. A general description, as " all my land " in a certain town, county or State, is sufficient. Harmon v. James, 7 Smedes & M. (Miss.) 111 (45 Am. D. 296); Holley v. Curry, 58 W. Va. 70 (51 S. E. 135, 112 Am. St. R. 944); Pettigrew v. Dobbellaar, 63 Cal. 396; Austin v. Dolbee, 101 Mich. 292 (59 N. W. 608); Huron Land Co. v. Robarge, 128 Mich. 686 (87 N. W. 1032); Warren v. Syme, 7 W. Va. 474.

Where land was described as two hundred and forty-five acres, lying and being in the county of Butts, known as the place whereon the grantor resided at the time of the conveyance, this description was held sufficient. *Allen* v. *Lindsey,* 139 *Ga.* 648 (77 S. E. 1054). Here the residence of the grantor is the sole key to the identification. So the description of the premises, as a certain tract in a designated county of the State, known as the grantor's original residence, is sufficient. *Follendore* v. *Follendore,* 110 *Ga.* 359 (35 S. E. 676). A description, as " certain real estate of the plaintiff known as No. 48 Angier Avenue in the City of Atlanta, Fulton County, Georgia," is good. *Boney* v. *Cheshire,* 147 *Ga.* 30 (92 S. E. 636).

The testator in this twelfth item gave to his son all his lands lying between the lands left in his will to his wife, and the lands, left by him in his will to Sarah M. Patten and the Richardson children, a small portion of said lands being on the west side of the road running from his residence to John Peters', and adjoining the Byars lot. By the third item the testator gave to his wife a sufficiently described tract of land. By the fourth item he gave to Sarah Ann Patten three tenths of a lot of land lying on the west side of road running from his residence to John Peters', containing one hundred and forty acres, more or less, and known as part of the Byars place, adjoining the lands of A. J. Howard and W. J. Williamson. By the sixth item he gave to the Richardson children five tenths of the above-described lot of land, three tenths of which he had already given in

item four to Sarah Ann Patten. Then, in the item under consideration, he gave all of his lands lying between the lands given to his wife, and the lands given to Sarah Ann Patten and the Richardson children, to his son, Melville J. Parks. To locâte the premises in dispute, it will only be necessary to locate the tract of land given to the wife, and the tract certain undivided portions of which he had given to Sarah Ann Patten and the Richardson children; and all lands of the testator lying between these two tracts are the lands which testator devised to his son for life and to his children after his death. In our judgment, the premises sued for are sufficiently described in the complaint to withstand a demurrer.

The trial judge, for the above reasons, did not err in overruling the defendant's demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents from the ruling in the second division of the opinion.*