F. D. HAAS *et al. v.* ISAAC J. TEETS *et al.*

(No. 8376)

Submitted September 8, 1936. Decided September 15, 1936.

*H. G. Muntzing* and *Lively & Lively,* for appellant.
*Harlan M. Calhoun, Jr.,* for appellees.

HATCHER, PRESIDENT:

This appeal involves the validity of a trust deed as against the judgment creditors of the grantor. The circuit court set aside the deed, fixed the priority of the judgment lienors, and directed sale of the trust real estate. The beneficiary under the trust deed appealed.

The deed was executed by defendant, I. J. Teets, on certain real property and growing crops and on all of his livestock and household furniture, to secure payment to defendant, J. R. Hishman, of a certain note of even date therewith, the amount of which was not specified. The transaction as detailed by both Teets and Hishman follows. Teets requested a loan of $200.00 from Hishman, who not having that amount in cash, arranged with Teets to let him have $50.00 in cash, a check for $75.00 and a due bill for $75.00. The loan was evidenced by a note of $200.00, payable two years from date, and secured by the trust deed. A week later, Teets returned the check and the due bill to Hishman in payment of a prior debt (unsecured but *bona fide*) of $150.00. Shortly afterwards, judgments were docketed against Teets which, with costs and interest, amount in all to $384.73.

Declarations of Teets were proven which show that he intended for the trust deed to hinder and delay his creditors. There is no specific evidence that Hishman concurred in or was cognizant of Teets' intention. On the contrary, Hishman denied, without direct controversion, any knowledge of Teets' indebtedness. The plaintiffs contend that Hishman's denial is overcome by the following alleged badges of fraud: " (1) Long term credit, two

years in this case. (2) Secrecy and haste in recording. (3) Conveyance of *whole* property of grantor, even to linoleum on the floor. (4) Retention of possession, given significance in this instance because Hishman permitted Teets to have unlimited power to use, sell or otherwise dispose of the personal property, including crops, and fruit. (5) Failure to state amount of debt secured in the trust prepared by the beneficiary, himself, allowing unlimited possibilities of fraud on other creditors. (6) Suits pending and threatened."

Hishman responds: (1) That two years' credit on a secured debt is not an undue credit term; (2) that the record contains no evidence disclosing furtiveness⸍ or undue haste in recording the trust deed; (3) that he included all the property in the deed at Teets' own request; (4) that he considered Teets' real estate worth $800.00 (which valuation was confirmed by the commissioner), and permitted Teets to use and dispose of the personal property and crops, thinking that the real estate was ample security for the loan ($200.00) ; (5) that the loan to Teets was *bona fide* and well proven; that reference is made in the deed to the note from which the sum secured could be ascertained; and that failure to state that sum in the body of the deed did not invalidate it, citing *Riggs* v. *Armstrong*, 23 W. Va. 760, 771; *Goff* v. *Price*, 42 W. Va. 384, 394, 26 S. E. 287; *Holley's Ex'r.* v. *Curry*, 58 W. Va. 70, 75, 51 S. E. 135; *Simms* v. *Ramsey*, 79 W. Va. 267, 273, 90 S. E. 842; Jones on Mortgages (8th Ed.), sec. 88; 41 C. J., subject Mortgages, secs. 252, 256; and (6) that his evidence is undisputed that he had no knowledge of any suit pending or threatened against Teets when the loan was made.

We are of opinion that the matters set up in Hishman's response relieve him of any imputation of fraud. The decree of the circuit court is accordingly reversed as to Hishman and the cause remanded for further proceedings in recognition of his rights.

*Reversed; remanded.*