HICKS *v*. FINBARG.

1. MECHANIC'S LIENS—DESCRIPTION OF REAL PROPERTY—NOTICE OF CLAIM.

A verified notice of mechanic's lien claimed by a contractor, describing the property as the "W ½ of lot 12, which lies across Main street in the village of C. from the property owned by ———— and between said Main street and the D. & M. Railway Company right of way and lies right west of lots 12 and 13, and the E ½ of lot 11 in said village of C. owned and occupied by this affiant," sufficiently described the premises on which complainant constructed a cement wall and cellar to create a valid lien, the correct description being lots 11 and 12, block 2, Hosmer & Earl's Addition to the village of C., excepting therefrom 40 feet off the east side of said lot 12; where the contestant had accepted a mortgage with knowledge that the construction work was in progress and where the mortgage described the property correctly. See 3 Comp. Laws, § 10714.

2. SAME—CONVEYANCING.

False and impossible parts of descriptions in conveyances may be rejected, when by doing so a good description remains.

3. SAME—IDENTITY—INITIAL.

The objection that the owner's name was given as M. Finbarg, instead of giving in full the Christian name of the party was not fatal to the lien, in the absence of a dispute concerning his identity.

Appeal from Ottawa; Cross, J. Submitted October 22, 1915. (Docket No. 169.) Decided December 21, 1915.

Bill by Art Hicks against Meyer Finbarg and the People's Savings Bank for the enforcement of a mechanic's lien. From a decree for complainant, defendant bank appeals. Affirmed.

*Lillie, Lillie & Lillie,* for complainant.

*Dean S. Face,* for defendant bank.

STONE, J. The bill of complaint herein was filed to enforce a mechanic's lien. The question involved seems to be as to the sufficiency of the description of the premises contained in the statement of lien filed, as affecting the defendant People's Savings Bank, which alone has appealed from the decree below.

From the statement of facts, in lieu of evidence, contained in the record, we gather the following facts:

On October 27, 1913, the defendant Meyer Finbarg was the owner of a piece of land described as lots 11 and 12, of block 2, of Hosmer & Earl's addition to the village of Coopersville, Ottawa county, Mich., except therefrom 40 feet off the east side of said lot 12. On that date the complainant and the defendant Finbarg made and entered into the following written contract, viz.:

"It is agreed between M. Finbarg, party of the first part, and Art Hicks, party of the second part, that the party of the second part will build, and furnish all material, a cement building and basement of the following size, 35x35 feet, 10 feet high in front and 8 in rear, cellar must be 7 feet deep in the clear, have a cement floor three inches thick, cement supporters for upper floor made of blocks, walls to be made of cement blocks above the ground and four feet of concrete in the ground, sidewalk in front of building and in rear of building, five feet wide by thirty-five feet for rear sidewalk, and front sidewalk 2 feet wide by 35 feet. Also a tile shall be laid from cellar to sewer of 6 in. tile. Also a chimney shall be built, flue 10 in. by 10 in., 22 feet high. Then cement steps shall be built in front of building 2 feet wide, also wooden frames will be put up on place by party of the second part. The party of the first part agrees to pay four hundred and fifty dollars upon completion of work.

[Signed]

"ART HICKS.

"M. FINBARG."

This agreement was drafted by a Mr. Ter Avest, the cashier of the said People's Savings Bank, defendant herein, and was signed by the parties thereto, within the knowledge of the said cashier.

Immediatetly after the execution of said contract, the complainant commenced to construct a building as described in the contract, upon a part of the piece of land above described. The construction work was continued with certain temporary interruptions from October 27, 1913, until March 30, 1914. There was standing upon a part of said piece of land, at the time of the execution of said contract, an old building of frame construction. Previous to December 10, 1913, the complainant constructed a wall under said old building. On said last-named date the parties to the original contract made a further agreement in writing, on the back of the paper on which the first contract was written, in the following words:

"Dec. 10, 1913.

"Upon completion of the building according to this contract, M. Finbarg agrees to pay forty-five (45) dollars, in addition to contract price, for putting wall under old building belonging to him. Building to be completed in reasonable time.

"M. FINBARG.
"ART HICKS."

The land owned by defendant Meyer Finbarg consists of the lot, and part of a lot above described. This land lies across the street from a piece of land owned by Frank Hedges, and is between the street, called Main street, and the railroad known as the "D. & M." Lots 11 and 12 are 50 feet wide, respectively, and the lots in block 2 of Hosmer & Earl's addition are numbered in order from the west toward the east, thus, 10, 11, 12, 13, No. 13 being farthest east. Lots 13 and that part of lot 12, which was not owned by defendant Finbarg, were and are owned and occupied by the com-

plainant. The buildings are actually located upon said land as follows: The new building constructed by the complainant begins at the east line of Finbarg's land, and extends westward 35 feet, so that its west wall touches the east wall of said old building, under which the new wall was built as above mentioned. The old building extends from that line west to the west line of the property belonging to defendant Finbarg.

On January 13, 1914, the owner, Meyer Finbarg, executed a mortgage to the defendant People's Savings Bank, of Coopersville, Mich., for the sum of $1,-000, covering the property described in the first paragraph of said statement of facts, which was recorded in the office of the register of deeds of said county on the following day. This mortgage was executed after the complainant had begun work upon the buildings. As a result of the construction of said new building, and the wall under the old building, in pursuance of said agreements, and after the payment of certain sums by said defendant Finbarg to complainant, there was due to said complainant from said defendant Finbarg, on April 23, 1914, the sum of $207, which was, and is still, unpaid. The last of the work, and materials furnished by said complainant, were on March 30, 1914. On the 23d day of April, 1914, the complainant made and filed with the register of deeds of said county a verified statement and notice of his lien, in which the premises were described as follows:

"And that the premises are described as the west one-half of lot twelve, which lies across Main street in the village of Coopersville, from the property owned by Frank Hedges, and between said Main street and the D. & M. Railway Company right of way, and lies right west of lots twelve and thirteen, and the east one-half of lot eleven, in said village of Coopersville, owned and occupied by this affiant."

In another part of said statement of lien the old

building is referred to as an "old building belonging to Finbarg."

The trial court found for the complainant for the amount claimed by him, and that the same was a lien on the premises described in the notice of lien, and that said bank knew of the work and the construction of said new building at the time said mortgage was taken, and that said mortgage lien would be a subsequent lien to complainant's lien for the work and material done on said building.

"And it is further found that the land described in said mortgage from said Finbarg to said People's Savings Bank of the village of Coopersville, Mich., is as follows: Lots 11 and 12, block 2, Hosmer and Earle's addition to the village of Coopersville, excepting therefrom 40 feet off the east side of said lot 12; and that Finbarg and People's Savings Bank understood and knew that the building that said complainant so built for said defendant Finbarg was on the land described in said mortgage, and that the same is, in fact, the land described in the notice of lien, although described in different words and figures."

Upon this appeal it is the claim of the complainant that the description in the statement and notice of lien is sufficient to locate the land on which the building was erected, and is sufficient for the purpose of a lien. On the other hand, it is the claim of appellant that the statement is insufficient in the following particulars:

(1) The description of the premises therein fails to identify any land or property whatever, and is void.

(2) The name of the owner of the premises supposed to be charged with a lien is not correctly given.

Counsel for appellant calls attention to the language of the statute (section 10714, 3 Comp. Laws), which provides that the statement filed with the register of deeds shall contain "a correct description" of the property to be charged with the lien. He does not claim

that a description under this statute must follow any prescribed form of words, or that it must follow any description which had been previously used, but that it must identify some certain premises; in other words, that the premises must be identified by the description used, although external evidence may be used in applying the description. Counsel refers to *Sheldon, Kamm & Co.* v. *Bremer,* 166 Mich. 578 (132 N. W. 117), wherein we held that mechanics' liens rest in strict right, not upon mere equities. It is also urged that the finding of the lower court upon the subject of description was not supported by any evidence. It was stipulated by counsel that the "statement of facts" in the record should be received by this court "with the same effect as a transcript of the evidence in said suit duly settled and certified by the circuit judge." Turning to such statement, we first find a correct description of the premises, as contained in appellant's mortgage. We further find that:

"Immediately after the execution of said contract, the complainant commenced to construct a building as described in the contract upon a part of the piece of land above described."

Also:

"There was standing upon a part of said piece of land at the time of the execution of said contract, an old building of frame construction."

It further appears as a fact that the land owned by defendant Finbarg

"lies across the street from a piece of land owned by Frank Hedges, and is between the street called Main street, and the railroad known as the 'D. & M.' Lots 11 and 12 are 50 feet wide, respectively, and the lots in block 2 of Hosmer & Earl's addition are numbered in order from the west toward the east, thus, 10, 11, 12, and 13 from the west, No. 13 being farthest east. Lot 13 and that part of lot 12 which was not owned

189 Mich.—22.

by Finbarg were and are owned and occupied by the complainant, Art Hicks."

Applying the rule as stated by counsel for appellant that, "to constitute a valid lien under the statute, the lot or land on which the building is situated should be described with such certainty that it may be definitely ascertained and located," the pertinent question is whether there was sufficient evidence to support the finding, that "the land described in said mortgage is in fact the land described in the notice of lien, although described in different words and figures."

We are of the opinion that, although the description in the statement and notice of lien was ambiguous, yet that there was sufficient evidence to identify it as the same land as that described in the mortgage. In addition to what has been already stated, it appeared that the land owned by defendant Finbarg was across the street from a piece of land owned by Frank Hedges, was between the street called Main street and the railroad known as the "D. & M.," and was bounded on the east by land owned and occupied by the complainant. Is there any doubt that the premises described in the statement and notice of lien, in the light of this record, could be definitely ascertained and located? We think not. False and impossible parts of descriptions in conveyances may be rejected, where, by doing so, a good description remains. *Tuthill* v. *Katz*, 163 Mich. 618 (128 N. W. 757), and cases there cited.

2. The remaining claim urged by appellant's counsel is that the statement of lien is insufficient because it fails to give the name of the owner of the premises, and does not show that his name is unknown. The specific objection is that the name of M. Finbarg was used, the correct name of the defendant being Meyer Finbarg. In the contract signed by the parties, the name M. Finbarg was used throughout, and it was so signed. As there is no dispute as to the identity of

the person or party, we think this claim purely technical, and without merit.

The decree of the circuit court is affirmed, and the complainant will recover his costs in this court against the defendant People's Savings Bank.

BROOKE, C. J., and PERSON, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.