*In re* McNAMARA'S ESTATE.

MICHIGAN TRUST CO. *v.* McNAMARA.

1. ESTATES OF DECEDENTS—DISTRIBUTION OF PERSONAL ESTATE— EXECUTORS AND ADMINISTRATORS — PARTIAL DISTRIBUTION — PROBATE COURTS.

An administrator having sufficient effects reserved on hand for the payment of debts and expenses may petition the probate court for a partial distribution of the surplus to the persons entitled thereto.   3 Comp. Laws, § 9443 *et seq.*

2. SAME—PROBATE JURISDICTION.

The probate court is a constitutional tribunal and under the statute may entertain such proceedings.

Case-made from Kent; Perkins, J.   Submitted June 7, 1911.   (Docket No. 10.)   Decided November 3, 1911.

The Michigan Trust Company, administrator of the estate of Mary McNamara, deceased, presented to the probate court a petition for leave to make a partial distribution of assets.   An order determining the persons entitled thereto and granting the prayer of the petition was entered

in probate court.   On appeal to the circuit court by James McNamara, one of the distributees, the order was affirmed and he brings case-made.   Affirmed.

*Francis W. Balcomb*, for appellant.

*Thomas P. Bradfield*, for appellee.

McAlvay, J.   This matter is before this court upon a case-made after judgment rendered in the Kent circuit on an appeal by James McNamara, one of the heirs, from the probate court of that county, where, upon a petition for that purpose, the court determined who were the heirs of the deceased, and also granted leave to said administrator to make partial distribution of said estate, to the amount of $1,000, to the persons entitled thereto.   The trial in the circuit court resulted in an affirmance of the order and decree of the probate court.   The appellant before judgment entered submitted amendments to the written findings of fact and conclusions of law filed by the court, and duly excepted to the refusal of the court to allow such amendments.

Errors are assigned upon conclusions of law of the court, refusals to find in accordance with certain conclusions of law as proposed by appellant, and upon rendering the judgment entered.   We do not think that it is necessary or will be of any benefit to set forth in this opinion the findings of fact and conclusions of law of the court of the proposed amendments tendered by appellant.

Appellant contends that the court erred in overruling his objection to the jurisdiction of the court on the ground that the administrator had no authority to initiate proceedings for the determination of heirship and partial distribution, and that the authority of an administrator to petition for the determination of heirship is confined to the closing of the estate.   The court, as appears from his conclusions of law, held that under the provisions of sections 9442, 9446, 3 Comp. Laws, as amended, the adminis-

trator was authorized to begin these proceedings, and the court given jurisdiction to act.

The question therefore involves the construction of these sections, which as amended are as follows:

" (9442) Before any partition or division of any estate among the heirs, devisees or legatees, an allowance shall be made for the necessary expenses of the support of the children of the deceased, under seven years of age; and the probate court may order the executor or administrator to retain in his hands sufficient estate for that purpose, except where some provisions shall have been made by the will for their support.

" (9443) After the payment of debts, funeral charges and expenses of administration, and after the allowances made for the expense of the maintenance of the family of the deceased, and for the support of the children under seven years of age, and after the assignment to the widow of her share in the personal estate, or when sufficient effects shall be reserved in the hands of the executor or administrator, for the above purposes, the probate court shall, by a decree for that purpose, assign the residue of the estate, if any, to such persons as are by law entitled to the same, subject, however, to the widow's right of dower, if there be a widow of the deceased, entitled to dower, and her dower shall not have been assigned and set off to her.

"(9444) In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled; and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any other person having the same, or any part thereof, after the expiration of sixty days from the date of such decree, unless an appeal shall have been taken therefrom, in which case they shall have the same right immediately upon the final termination of such appeal.

"(9445) Such decree may be made on the application of the executor or administrator, or of any person interested in the estate, but no heir, devisee or legatee shall be entitled to a decree for his share, until payment of the debts, and allowances and expenses mentioned in the preceding section, shall have been made or provided for, unless he shall give a bond to the judge of probate, with such surety or sureties as the court may direct, to secure the payment of his just proportion of such debts and expenses, or such

part thereof as shall remain unprovided for, and to indemnify the executor or administrator against the same."

None of the questions raised by the appellant in this case dispute any of the facts as found by the court, either as to the regularity of the proceedings, the sufficiency of the petition, the persons designated as next of kin, or the solvency of the estate over and above all liens, claims, debts, and demands, and to distribution made, as distinctly appears from the record of the case made by the appellant for our consideration, except as they are all challenged by his claim of want of jurisdiction.

This question as to the authority of an executor or administrator to make a partial distribution of funds in his hands to those found to be entitled thereto is one of first intention in this court as far as we have been able to discover. It would therefore appear from an examination of this statute that this is the crux of the dispute. As to the authority given to such officer to make application to the probate court after payment of all debts, etc., or when sufficient effects remain in his hands for such purposes, for a designation of those entitled by law to participate in the estate, and to distribute the entire residue of the estate, the statute is perfectly clear, as admitted by appellant. The distribution provided for is not necessarily a final one. By the strictest construction the statute provides for the disposition of such amount, under the circumstances of each case as in the judgment of the officer and court may be done with safety to the rights of creditors and all others entitled to preferences, or, in the words of the statute, " when sufficient effects shall be reserved in the hands of the executor or administrator for the above purposes." It is not apparent to us that in enacting this statute the legislature intended to provide that those entitled to receive shares in the estate should be compelled to wait for the slow process of a final order of distribution and closing an estate before being able to enter upon the enjoyment of any of it.

It is not urged that, if more than enough had been

reserved for such purposes, the authority to petition the court for the distribution of the surplus would have been exhausted by the former distribution. Without doubt the legislative intent was that no distribution of an estate should be made until it appeared that all lawful claims against it had been satisfied or protected by "effects" reserved in the hands of the executor or administrator, but, further than that, there is neither wisdom nor authority warranting a holding that the surplus may not be distributed from time to time if necessary. In the instant case, proceedings in the probate of this estate have been pending seven or eight years. Three persons have been found by the court to be next of kin to deceased, all first cousins, and each entitled to one-third of her estate. One died testate in Ireland since her death, aged 69 years. One residing in Oswego county, N. Y., is 81 years old. The third is the appellant, 61 years old, residing in Ireland. It is stated that some of the heirs are in needy circumstances. These must wait for the closing of the estate if appellant's contention is sustained.

We think that the construction contended for in this case by him is unreasonable. While there are no express words in the statute allowing a partial distribution, we think that the authority to distribute the residue after reserving sufficient to satisfy all demands, before a final report closing the estate, includes the lesser authority to make a partial distribution upon a proper application by the administrator. The words used by the probate and circuit courts in the case, "by way of advancement," are of no particular import, as from frequent repetition in his brief seems to be understood by the appellant, other than the ordinary meaning of the words to express the fact that the amounts allowed in this distribution are to be charged against the participants and their legal representatives in their accounts with the administrator.

The Michigan cases relied upon by the appellant are not in point. *Persinger* v. *Jubb*, 52 Mich. 304 (17 N. W. 851), was a case in ejectment where a partition of lands

was claimed to be invalid because the application was made by an administratrix as such.   The court said:

"It is true that as administratrix she was not concerned; but she was widow with a right of dower, and she was also guardian for the two minor heirs.   If she had described herself as guardian, the right would have been apparent.   But we are inclined to regard the misdescription as a mere informality."

The statute (section 9448, 3 Comp. Laws) provides that the application for partition shall be made by one of the parties interested.   The statute we are considering provides that the application may be made by the executor or administrator or any person interested in the estate. In *Owings* v. *Owings*, 150 Mich. 609 (114 N. W. 393), the court also held that—

"The administrator was not a proper party complainant. He had no interest in the partition of the land."

The cases relied upon from other States are constructions of statutes not similar to the one under discussion.

Argument at some length is made upon the proposition that—

"The probate court is without authority to initiate proceedings for the determination of heirs and partial distribution of estates in advance of a final accounting."

There is no claim that these proceedings were begun on the initiative of the court.   It is probably intended to be stated that the probate court has no jurisdiction to entertain such proceedings.   No claim is made that the statute is unconstitutional.   This law with very few amendments had been the law of this State since the Revised Statutes of 1846.   Our probate court is a constitutional court.   It has conferred upon it by the legislature general probate jurisdiction.   Having already construed this statute as authorizing the administrator to take these proceedings, it follows that we have disposed of the question of the jurisdiction of the court contrary to the contention of the appellant.   Other questions presented do not require con-

sideration. We find no error in the case. The judgment of the circuit court is in all respects affirmed, and the cause is remanded for such further proceedings as are provided by law.

OSTRANDER, C. J., and BIRD, STEERE, MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.