*In re* PRICHARD ESTATE

Docket No. 96373. Submitted June 16, 1987, at Detroit. Decided August 19, 1987. Leave to appeal applied for.

Comerica Bank-Detroit was sued in St. Clair Circuit Court in its capacity as executor of the estate of C. Carlton Prichard, deceased, by Paragon Transport, Inc. The circuit court action was one for breach of contract which arose out of an agreement by Comerica in its fiduciary capacity to sell to Paragon the stock of a certain business which was held by the Prichard estate, which agreement was later set aside by the St. Clair County Probate Court. Comerica engaged the services of the law firm of Smith and Brooker, P.C. to defend it in the Paragon suit and engaged the services of an expert accounting witness, Jay Alix & Associates. Following a judgment in the circuit court action in favor of Paragon, Comerica petitioned the St. Clair County Probate Court to allow payment of the legal and expert witness fees incurred in the Paragon action from the funds of the estate. The petition was opposed by Paragon and the residuary legatees of the Prichard estate. The residuary legatees also filed a petition to surcharge and for remomal of the executor. The probate court, R. Gerald Barr, J., allowed the petition to authorize the payment of those fees from the estate, but left for further determination the question of surcharge and discharge of the executor. Paragon appealed.

The Court of Appeals *held:*

1. The Revised Probate Code authorizes payment by the estate of reasonable compensation for necessary legal services rendered on behalf of the estate. Since the legal expenses at issue were incurred in the defense of a suit against the executor in its fiduciary capacity, those legal services were incurred in an attempt to preserve the assets of the estate. The probate court properly allowed the payment by the estate of those

References

Am Jur 2d, Executors and Administrators §§ 164 *et seq.*; 486 *et seq.*; 500, 534 *et seq.*

Amount of attorneys' compensation in proceedings involving wills and administration of decedents' estates. 58 ALR3d 317.

Personal liability of executor or administrator for fees of attorney employed by him for the benefit of the estate. 13 ALR3d 518.

expenses. The liability of the executor for those expenses is properly the subject of the still pending petition for surcharge.

2. The probate court did not abuse its discretion in fixing the value of the legal services rendered.

Affirmed.

1. EXECUTORS AND ADMINISTRATORS — DECEDENTS' ESTATES — LEGAL SERVICES — ATTORNEY FEES.

The Revised Probate Code authorizes the payment by an estate of a deceased of reasonable compensation to attorneys who perform necessary legal services on behalf of the estate; to be chargeable against the estate, the attorney fees must be for services rendered on behalf of and benefitting the estate; an estate is benefitted by legal services that increase or preserve the assets of the estate (MCL 700.543; MSA 27.5543).

2. COURTS — PROBATE COURTS — DECEDENTS' ESTATES — ATTORNEY FEES — APPEAL.

A probate court, in ascertaining the reasonable value of legal services rendered on behalf of a decedent's estate, should consider the time spent, the amount involved, the character of the services rendered, the skill and experience called for, and the results obtained; the determination of the probate court as to the reasonable value of the legal services rendered will be reversed by the Court of Appeals only if there has been an abuse of discretion (MCL 700.543; MSA 27.5543).

*Simpson & Moran* (by *David M. Black* and *James E. Romzek*), for Paragon Transport, Inc.

*Smith & Brooker, P.C.* (by *Albert C. Hicks*), for Comerica Bank-Detroit.

*O'Sullivan, Beauchamp, Kelly & Whipple* (by *C. Patrick O'Sullivan*), for Jay Alix & Associates, Inc.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Paragon Transport, Inc., appeals as of right from an order of the St. Clair County Probate Court granting the petition brought by

* Circuit judge, sitting on the Court of Appeals by assignment.

Comerica Bank-Detroit, executor of the Prichard estate, for authority to pay legal fees and expert witness fees in a suit brought against Comerica in its capacity as executor of the Prichard estate. Paragon claims that Comerica, and not the estate, should be charged with the expenses of defending the Paragon litigation.

The background facts which gave rise to the petition in the probate court are described in a prior Supreme Court opinion involving the estate, *In re Prichard Estate,* 410 Mich 587; 302 NW2d 554 (1981). Prichard's will granted Ronald C. Murrell a right of first refusal in the sale of stock of a trucking company solely owned by Prichard. After Prichard's death, Comerica, as executor, recognized a right of first refusal in Murrell and solicited bids to establish the fair market value of the trucking company stock. Paragon submitted the highest bid, which was accepted subject to Murrell's right of first refusal. Comerica gave Murrell one month to match the Paragon offer and denied his request for a thirty-day extension. On December 15, 1986, within the original one-month period, Murrell exercised his right of first refusal and tendered a $50,000 deposit.

On January 21, 1977, Murrell notified Comerica that one of his loan applications had been rejected. The same day, Paragon increased its offer. On January 24, 1977, Comerica told Murrell that his right to buy the stock had expired. Murrell did not object at that time. Comerica then accepted Paragon's latest offer. On January 26, 1977, Murrell wrote the executor, asserting the continued existence of a right to purchase the stock and objecting to the acceptance of Paragon's offer. He continued to seek financing to purchase the stock and filed suit in St. Clair County Probate Court to enjoin the sale to Paragon. The case proceeded

through the appellate process, and our Supreme Court found that Comerica's termination of Murrell's right of first refusal without prior notice was unreasonable. *Prichard Estate, supra,* p 592. Since Comerica had not given Murrell reasonable time in which to perform, the Supreme Court reinstated the probate court's order enjoining the sale to Paragon, and the trucking company was sold to Murrell in January of 1982.

Paragon, while Murrell's case was pending, had filed suit for breach of contract against Comerica, as executor of the Prichard estate. After the Supreme Court's decision in favor of Murrell, a jury in Paragon's suit in St. Clair Circuit Court returned a verdict for $2,724,051. Judgment was entered against "Comerica Bank-Detroit, as Executor of the Estate of C. Carlton Prichard."

Comerica then petitioned the probate court for authority to pay legal and expert witness fees incurred in defending the suit against Paragon. The petition was opposed by Paragon and the residuary legatees of the Prichard estate. The residuary legatees also filed a petition to surcharge and remove the executor. The amended petition to surcharge and remove the executor alleges that Comerica's handling of the sale of the trucking company stock constituted a breach of fiduciary duty. The petition to authorize payment of fees was allowed by the probate court. The probate court's order authorizing payment of legal fees does not prejudice the residuary legatees' right to bring a petition for surcharge. The residuary legatees have not appealed this order, but Paragon has.

This case is governed by the provisions of the Revised Probate Code, which applies to any probate proceeding pending on July 1, 1979, or commenced after that date. MCL 700.992(a); MSA

27.5992(a). Since this case was pending on the effective date of the revised code, the code's provisions apply even though some of the relevant actions of the executor were taken before the effective date of the code.

The Revised Probate Code authorizes compensation to a fiduciary for his work on behalf of the estate, MCL 700.541; MSA 27.5541. The Revised Probate Code also authorizes the payment by the estate of reasonable compensation to attorneys who perform necessary legal services on behalf of the estate:

> Without obtaining a court order, a fiduciary of an estate may employ counsel to perform necessary legal services in behalf of the estate and the counsel shall receive reasonable compensation for the legal services. [MCL 700.543; MSA 27.5543.]

To be chargeable against the estate, the attorney fees must be for services rendered on behalf of and benefitting the estate. *In re Baldwin's Estate,* 311 Mich 288, 314; 18 NW2d 827 (1945); *In re Brack Estate,* 121 Mich App 585, 591; 329 NW2d 432 (1982).

The probate judge determined that the legal services rendered by the law firm of Smith and Brooker, P.C., and the services of the expert accounting witness, Jay Alix & Associates, were rendered on behalf of the estate and were necessary to it. There is no question that Comerica was acting in its capacity as executor at all times relevant to Paragon's allegations in this case. Paragon, in fact, admits that it sued Comerica in its capacity as executor. The facts in these cases could support a finding that Comerica was attempting to comply with the will's provision giving Murrell a right of first refusal on the sale of the trucking

company stock. When Murrell was unable to obtain the necessary financing, Comerica accepted Paragon's increased second offer for the stock. As the executor, Comerica had a duty to attempt to sell the stock for the best price. After the Supreme Court held that Murrell was entitled to purchase the stock, Comerica retained the attorneys to defend the suit by Paragon in order to preserve the assets of the estate.

An estate is benefitted by legal services that increase or preserve the size of the decedent's estate. *In re Brack Estate, supra,* p 591. "The estate of the deceased exists to distribute the deceased's property and to preserve such property pending distribution. . . ." *In re Valentino Estate,* 128 Mich App 87, 93-94; 339 NW2d 698 (1983). The origin of the Paragon litigation was the executor's attempt, on behalf of the estate to distribute the estate assets in accordance with the will. The legal fees at issue here were incurred in an attempt to preserve the estate and may be charged to it. The probate court did not err in determining that these legal services were rendered on behalf of the estate.

As previously indicated, several of the residuary legatees under the will have filed a petition to surcharge and remove the executor, alleging that the sale of the trucking company stock constituted a breach by Comerica of its fiduciary duty. If a breach of fiduciary duty is found, the residuary legatees could presumably recover these attorney fees and expert witness fees as well. Not every error of judgment is, however, a breach of fiduciary duty. That determination must be made in connection with the residuary legatees' proceedings, and the probate judge quite properly refused to make such a determination at the hearing on this petition. In the absence of a finding that

Comerica's actions constituted a breach of fiduciary duty and caused this litigation, the trial court properly found that the legal services were rendered on behalf of and for the benefit of the estate. We reject Paragon's contention that the litigation must be successful in order for attorney fees to be properly chargeable to the estate. Comerica had not only a right but also a duty to defend the Paragon action. This case is distinguishable from those instances where attorney fees have been denied as being not beneficial and even detrimental to the estate. See *In re Davis's Estate,* 312 Mich 258; 20 NW2d 181 (1945), *Valentino Estate, supra,* p 95, and *In re Humphrey Estate,* 141 Mich App 412; 367 NW2d 873 (1985).

Having determined that the legal services were necessary and rendered on behalf of the estate, the probate court must then determine what amount is reasonable compensation for those services. MCL 700.543; MSA 27.5543.

In ascertaining the reasonable value of services to an estate, the court should consider time spent, the amount involved, the character of the services rendered, the skill and experience called for, and the results obtained. This determination by the probate court will be reversed by this Court only if there has been an abuse of discretion. *Humphrey Estate, supra,* p 439. We find no abuse of discretion in this case.

Comerica submitted a written description of legal services performed and an itemized description of the charges for legal work and expert witness services which totalled $98,246.22. The fact that two partners of the estate's law firm attended the trial is not conclusive and is understandable, considering the $5,000,000 claim by Paragon and the $2,724,051 verdict. The probate judge also consid-

ered the testimony of the expert accounting witness J. Alix of Jay Alix & Associates, whose services Comerica argued were absolutely necessary given the nature of the litigation. The record indicates that the probate court considered the request for attorney and expert witness fees in light of the proper criteria before ruling on the petition. We find no error requiring reversal.

Affirmed.