# STATE OF MICHIGAN

# COURT OF APPEALS

In re Estate of ROBERT W. EASTERLY.

---

SHARON RUBINO EASTERLY, Individually and as Personal Representative of the Estate of ROBERT W. EASTERLY, THEODORE B. EASTERLY, JAMES R. EASTERLY, SHARON EASTERLY ALLEN, JAMES L. EASTERLY, and BETTY EASTERLY SHIMMEL, a/k/a ELIZABETH J. EASTERLY,

　　　　　Appellees,

v

JEAN MARIE HANSEN, ATTORNEY, P.C.,

　　　　　Appellant.

UNPUBLISHED
May 14, 2015

Nos. 319145; 320189
Oakland Probate Court
LC No. 2012-342795-DE

---

In re Estate of ROBERT W. EASTERLY.

---

SHARON RUBINO EASTERLY, Individually and as Personal Representative of the Estate of ROBERT W. EASTERLY,

　　　　　Appellee,

and

THEODORE B. EASTERLY, JAMES R. EASTERLY, SHARON EASTERLY ALLEN, JAMES L. EASTERLY, and BETTY EASTERLY SHIMMEL, a/k/a ELIZABETH J. EASTERLY,

　　　　　Intervening Parties,

v

No. 319723
Oakland Probate Court

-1-

JEAN MARIE HANSEN, ATTORNEY, P.C.,                    LC No.   2012-342795-DE

      Appellant.

_____

Before:  RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.


PER CURIAM.

These consolidated appeals arise from the probate administration of the estate of Robert W. Easterly, who died on April 3, 2012.  The decedent's wife, Sharon Rubino Easterly ("Rubino"), appellee, was appointed personal representative of the decedent's estate.  During the proceedings, appellant, Jean Marie Hansen, Attorney, P.C. ("appellant"), filed a petition requesting the estate to pay for services allegedly rendered by attorney Jean Marie Hansen in assisting the estate and Rubino.  In Docket No. 319145, appellant appeals as of right the probate court's September 24, 2013 order allowing Rubino's final account for the estate, but disallowing requested fees sought for Hansen's services, and the probate court's October 30, 2013 order allowing the partial distribution of 908 Emerson Drive in Troy and office furniture valued at $300 to Rubino, individually.  In Docket No. 319723, appellant appeals as of right the probate court's October 30, 2013 order awarding attorney Richard Siriani attorney fees and costs of $31,563.60 as sanctions against appellant, and allowing Siriani to reduce the sanctions award to a civil judgment against appellant.  In Docket No. 320189, appellant appeals as of right the December 30, 2013 civil judgment entered by the probate court for $31,563.60, plus statutory interest, in favor of the estate.  In Docket No. 319145, we affirm in part, reverse in part, and remand for further proceedings regarding appellant's requested attorney fees.  In Docket Nos. 319723 and 320189, we vacate the order of sanctions and civil judgment and remand for further proceedings.

## I.  BACKGROUND

Robert Easterly was survived by Rubino, an adult son, and siblings when he died in April 2012.  At the time of his death, the decedent operated a law practice as a sole practitioner. Hansen filed the initial application to commence probate proceedings for the informal administration of the decedent's estate as an intestate estate.  Rubino was issued letters of authority to act as personal representative, but would not sign a retainer agreement with Hansen. On May 29, 2012, the probate court entered an order substituting Siriani for Hansen as Rubino's attorney.  The case was later converted to formal, supervised administration of the decedent's estate, as a testate matter, with Rubino continuing to serve as personal representative.

In June 2013, Rubino, as the personal representative, filed petitions for the probate court to approve completion of the estate settlement, her first and final account, and payment of her fiduciary fees and attorney fees.  On the day before the July 17, 2013 hearing on Rubino's petitions, appellant filed a petition seeking $73,646.57 in attorney fees; $52,207.32 for "general administration" services and $21,439.25 for "law client" matters.  The probate court adjourned the July hearing after determining that an evidentiary hearing was necessary to determine whether the decedent's estate owed any fees to appellant.  Appellant filed an amended petition

before the next scheduled hearing on September 17, 2013, requesting $73,084.07 for services and expenses. At the hearing, the probate court found it unnecessary to hold an evidentiary hearing and held that the fees sought by appellant could not be charged to the estate as a matter of law. After disallowing the fees, the probate court authorized Siriani to file a petition seeking attorney fees as sanctions for having to defend against appellant's petition and amended petition.

On October 1, 2013, Rubino, through Siriani, filed a petition for sanctions of $31,569.60 against appellant pursuant to MCR 2.114(E) and (F). While that motion was pending, appellant moved for reconsideration of the probate court's September 24, 2013 order disallowing its requested attorney fees. In addition, Rubino moved for partial distribution of estate assets to her, individually. The probate court denied appellant's motion for reconsideration on October 28, 2013. At a hearing on October 30, 2013, the probate court granted Rubino's petition for sanctions of $31,563.60, based on its determination that appellant's petition was frivolous under MCL 600.2591, and also granted Siriani's request to reduce the sanction award to a civil judgment. The court also granted Rubino's petition for partial distribution of estate assets. A civil judgment against appellant was thereafter entered on December 30, 2013, for $31,563.60, with statutory interest commencing October 30, 2013.

## II. DOCKET NO. 319145

The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.* applies to this case. We review legal issues underlying a probate court's decision, including issues of statutory construction, de novo. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Any factual findings made by the probate court are reviewed for clear error, while its dispositional rulings are reviewed for an abuse of discretion. *Id.* An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes. *Id.*

In docket number 319145, appellant first argues that the probate court erred in denying the attorney fees requested in its amended petition. Although we agree that appellant is not entitled to some of its requested attorney fees, we conclude that further proceedings are necessary with respect to a portion of the requested fees.

Initially, we note that we reject appellant's claims of procedural error as it relates to the September 17, 2013 hearing held by the probate court. Appellant's claims are unsupported by the record, and based on our review, both parties were given an opportunity to be heard at the proceeding. While the court ultimately decided the issue as a matter of law, such action is permitted by MCR 2.116(I)(1).[1] *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009) (holding that pursuant to MCR 2.116(I)(1), a trial court may sua sponte grant summary disposition). Accordingly, we reject appellant's claims of procedural error.

---

[1] MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay."

The attorney fees claimed by appellant are related to services allegedly rendered by Hansen in relation to the estate, and are discussed by the court and the parties through differentiation into two categories. First, Hansen requested fees for services rendered for the commencement of the probate proceedings. These fees arose during the period of time Hansen represented Rubino in the probate proceedings, before she was substituted for Siriani.[2] Second, Hansen requested fees associated with services rendered in relation to the management of the decedent's law practice.[3]

The probate court offered multiple reasons for disallowing the requested attorney fees, which it summarized in its September 24, 2013 order as follows:

> Ms. Hansen's claims for fees are disallowed, and her July 16, 2013 Petition and Order and the August 28, 2013 First Amended Petition and Order are both denied for the reasons stated on the record, including without limitation Ms. Hansen's: failure to file a claim, failure to demonstrate a written retainer agreement with the personal representative, failure to comply with the court rules, failure to publish for creditors, failure to file an inventory, failure to benefit the estate, her incorrect filing of the application on April 13, 2012 which represented to the court that the decedent died intestate when Ms. Hansen knew the decedent had a valid will.

The court further explained in its decision denying appellant's motion for reconsideration that Hansen, who admittedly did not have a retainer agreement and had characterized herself as a "claimant" at the earlier July hearing, failed to comply with MCR 5.313 or MCL 700.3803(2).

On appeal, appellant asserts that all fees requested by appellant were probate administration expenses pursuant to MCL 700.3803(3), and thus are not subject to the time limitations in MCL 700.3803(2). Further, the lack of a signed fee agreement does not bar payment of attorney fees pursuant to MCR 5.313. According to appellant, its claims should not have been dismissed as a matter of law, but should have proceeded to an evidentiary hearing on reasonableness.

In contrast, Rubino asserts that, in regard to Hansen's services for the probate administration, appellant failed to comply with MCR 5.313 because there was no signed fee agreement between appellant and Rubino. Further, the fees requested by appellant were not reasonable or necessary, and the services rendered did not benefit the estate. Specifically, appellant incorrectly filed the estate proceedings as an intestate matter, which cost the estate money to correct. In regard to fees claimed for services related to the decedent's law practice, the probate court correctly determined that appellant was an estate creditor and subject to MCL 700.3803(2). Accordingly, appellant's claims were time barred. Further, the court correctly

---

[2] These fees generally arose between April 4, 2012 and May 29, 2012.

[3] These fees generally arose between May 30, 2012, and June 20, 2013.

found that any of the decedent's clients with unearned retainers had claims against the state, and that the clients to which appellant provided further services after decedent's death were liable for appellant's fees, not the estate.

In regard to fees requested by appellant for services related to the decedent's law firm, the parties dispute the interpretation and application of several relevant statutes. We begin our analysis by considering these disputes.

MCL 700.3803 provides time limitations for claims[4] against an estate. MCL 700.3803(1) establishes time limits for claims that arose before the decedent's death. MCL 700.3803(2) establishes time limits for claims against a decedent's estate that arise at or after the decedent's death, which depend on whether the claim is based on contract. Under MCL 700.3803(2)(a), a claim based on a contract with the personal representative must be presented "within 4 months after performance by the personal representative is due." Under MCL 700.3803(3)(c), however, this provision does not affect or prevent the "[c]ollection of compensation for services rendered . . . by the personal representative or by an attorney . . . or other specialized agent or assistant for the personal representative of the estate."

In relation to MCL 700.3803(3), EPIC provides that a personal representative, acting reasonably for the benefit of interested persons, has the following authority, unless restricted or otherwise provided by will or a court order in a formal proceeding:

> (w) Employ an attorney to perform necessary legal services or to advise or assist the personal representative in the performance of the personal representative's administrative duties, even if the attorney is associated with the personal representative, and act without independent investigation upon the attorney's recommendation. An attorney employed under this subdivision shall receive reasonable compensation for his or her employment. [MCL 700.3715.]

MCL 700.3715(z) authorizes a personal representative to continue a business in which the decedent was engaged as a sole proprietor in one of three manners.

The parties dispute whether MCL 700.3803(2) or (3) apply to the fees requested in relation to the decedent's law practice. Appellant asserts the fees were general administration expenses pursuant to MCL 700.3803(3), and appellee argues that appellant was admittedly a creditor of the estate pursuant to MCL 700.3803(2). The probate court determined that MCL 700.3803(2) applied to appellant's claims because the services rendered were not part of the administration of the estate. If the court were correct, and MCL 700.3803(2) applies, appellant's claims may be time barred. However, we disagree that MCL 700.3803(2) applies. MCL 700.3803(3) provides for the "[c]ollection of compensation for services rendered and

---

[4] EPIC defines a "claim" as including a liability of the decedent, "whether arising in contract, tort, or otherwise, and a liability of the estate that arises at or after the decedent's death . . . , including funeral and burial expenses and costs and expenses of administration." MCL 700.1103(g).

-5-

reimbursement of expenses advanced by the personal representative or by an attorney, auditor, investment adviser, or other specialized agent or assistant for the personal representative of the estate." No time limitations are incorporated into subsection (3). Pursuant to MCL 700.3715, the personal representative, Rubino, was permitted to continue the decedent's business in one of the forms explicated by MCL 700.3715(z), and was able to employ services of an attorney to "perform necessary legal services or to advise or assist the personal representative in the performance of the personal representative's administrative duties." MCL 700.3715(w). Further, "an attorney employed under this subdivision shall receive reasonable compensation for his or her employment." MCL 700.3715(w). We conclude that the fees associated with continuing or managing the decedent's business were within Rubino's administrative duties, and that she was permitted to hire an attorney to provide such services. Further, Rubino's attorney, Siriani, admitted that Hansen was hired to provide services related to the decedent's business. As such, appellant's claims were subject to MCL 700.3803(3), and, thus, not subject to the time limitations in MCL 700.3803(2).

We next address the probate court's ruling that MCR 5.313 barred appellant's attorney fee claims because appellant lacked a written fee agreement with Rubino. A court applies principles of statutory construction when construing a court rule. *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 350; 852 NW2d 22 (2014). We conclude that appellant's claims were not barred pursuant to MCR 5.313(B).

MCR 5.313 provides:

(A) Reasonable Fees and Costs. An attorney is entitled to receive reasonable compensation for legal services rendered on behalf of a personal representative, and to reimbursement for costs incurred in rendering those services. In determining the reasonableness of fees, the court must consider the factors listed in MRPC 1.5(a). *The court may also take into account the failure to comply with this rule.*

(B) *Written Fee Agreement. At the commencement of the representation, the attorney and the personal representative or the proposed personal representative must enter into a written fee agreement signed by them. A copy of the agreement must be provided to the personal representative.*

* * *

(D) Notice to Interested Persons. Within 14 days after the appointment of a personal representative or the retention of an attorney by a personal representative, whichever is later, the personal representative must mail to the interested persons whose interests will be affected by the payment of attorney fees, a notice in the form substantially approved by the State Court Administrator and a copy of the written fee agreement. . . .

* * *

(E) Payment of Fees.  A personal representative may make, and an attorney may accept, payments for services and costs, on a periodic basis without prior court approval if prior to the time of payment,

(1) the attorney and personal representative have entered into a written fee agreement;

(2) copies of the fee agreement and the notice required by subrule (D) have been sent to all interested persons who are affected;

(3) a statement for services and costs (containing the information required by subrule (C)) has been sent to the personal representative and each interested person who has requested a copy of such statement; and

(4) no written, unresolved objection to the fees, current or past, has been served on the attorney and personal representative.

*In all other instances, attorney fees must be approved by the court prior to payment.*  Costs may be paid without prior court approval.  Attorney fees and costs paid without prior court approval remain subject to review by the court. [Emphasis added.]

Here, a plain reading of the statute does not indicate that attorney fees are barred by the failure to enter into a written fee agreement.  While the rule does provide that the parties shall enter into a written fee agreement, MCR 5.313(B), it further provides that "[t]he court may also take into account the failure to comply with this rule," MCR 5.313(A).  In addition, MCR 5.313(E) provides that attorney fee payment and receipt may occur without court approval provided the stated requirements were followed.  "In all other instances, attorney fees must be approved by the court prior to payment."  MCR 5.313(E).  Pursuant to the plain language of the court rule, we conclude that attorney fees were not barred, but subject to court approval, and that the probate court could consider appellant's failure to comply with the rule when considering attorney fees.  The probate court's interpretation of MCR 5.313 contravenes the rule of statutory construction that a court may not read into a statute what is not within the intent as derived from the statutory language. *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010).

Based on our above analysis, it is necessary to consider the merits of appellant's attorney fees claims.  Generally, MCL 700.3720 permits the personal representative to charge the estate for the expense of an employed attorney.  Pursuant to MCL 700.3721, both the personal representative's employment decision and the compensation to be paid by the personal representative are subject to judicial review.  Claimed fees must be reasonable.  MCL 700.3720. MCR 5.313(A) provides that "[i]n determining the reasonableness of fees, the court must consider the factors listed in MRPC 1.5(a)."  In addition, to qualify as an administrative expense, the services provided must also have benefited the estate.  To properly charge an administrative expense to an estate, it must generally be shown that the administrative expense benefited the estate as a whole, and not an individual or group of individuals interested in the estate. *Becht v Miller*, 279 Mich 629, 638; 273 NW 294 (1937); *In re Estate of Valentino*, 128 Mich App 87, 96; 339 NW2d 698 (1983).  A decedent's estate exists to distribute the decedent's property and to

-7-

preserve the property pending the distribution. *In re Prichard Estate*, 164 Mich App 82, 86; 416 NW2d 331 (1987). The estate is benefited by legal services that increase or preserve the size of the decedent's estate. *Id.*

We first address appellant's request for fees related to the general administration of the estate, for the time period that Hansen directly represented Rubino in the probate court case before Siriani's substitution on May 29, 2012. The probate court found that Hansen's services did not benefit the estate. Specifically, the probate court considered the costs incurred by the estate as a result of Hansen's incorrect commencement of estate proceedings as an intestate matter despite the fact that Hansen knew that the decedent had a will. We conclude that the court did not err in this determination, and reject appellant's assertion that the decedent's tax return was sufficient to justify the improper filing or the unnecessary costs incurred by the estate as a result of the improper filing. Accordingly, we affirm the court's denial of attorney fees for appellant's services relating to the administration of the estate.

Next, we address appellant's claim for fees related to services provided in regard to the decedent's former law practice and communications with Rubino or Siriani related to those legal services. The probate court held that those services did not benefit the estate. According to the court, it would be the former client's obligation to file a proof of claim against the estate to recover any unearned retainer fee made to the decedent. The court further determined that, after the decedent's death, it was up to the decedent's former clients to decide whether to proceed *in propria persona* or retain new counsel, and if any clients decided to retain Hansen, "that's separate from the estate."

Initially, we find no error in the probate court's determination that any claim for a refund of an unearned retainer paid to the decedent before his death belonged to the former client. The general rule is that death terminates a contract that calls for personal services. See *Brewer v Stoddard*, 309 Mich 119, 128-129; 14 NW2d 804 (1944). It is undisputed that the decedent operated his law practice as a sole practitioner. Thus, the court's holding in that regard was correct. Consistent with that conclusion, the court's holding that any continued work appellant chose to do for the decedent's former clients should be billed to the client directly, and appellant could enter into a fee agreement and retainer with each client if she chose.

However, there was record evidence that appellant was hired, to some extent, to manage the decedent's business. Although we saw no evidence of an alleged agreement that appellant claims was made on May 22, 2013, Rubino's own evidence indicated that Hansen had some responsibility for identifying the decedent's open legal cases at the time of his death. On the other hand, the record also shows that Hansen had a personal interest in reviewing files from the decedent's law practice because she was considering purchasing the law practice and that she went beyond the activities contemplated by Rubino when she was provided access to those files. Moreover, much of the work Rubino requested of Hansen appears to have been performed by an assistant, who was compensated. However, because the probate court acted primarily under the misconceptions of law discussed above, it did not make findings regarding the scope of the agreement between Rubino and appellant as it related to the decedent's law firm. Accordingly, we cannot conclude as a matter of law that some of the fees requested by appellant in its amended petition were not compensable. Thus, we are unable to conclude from the probate court's decision that appellant was not entitled to any payment for legal or other specialized

services. Further factual development is necessary to determine whether a valid contract was established for appellant to provide services to Rubino chargeable to the estate. Therefore, we remand to the probate court for further proceedings regarding the proper attorney fees owing to appellant.[5]

In sum, we affirm the probate court's decision to disallow any attorney fees sought by appellant in connection with legal services provided to the decedent's former clients. We also affirm the probate court's decision to consider the unnecessary expense caused by Hansen in commencing the proceeding as an intestate proceeding, with knowledge that the decedent had a will, when evaluating whether the estate benefited from her services. But because there remains a question regarding Rubino and the appellant's agreement as it related to the decedent's law firm, we remand for further proceedings in regard to that issue.

Appellant next argues that the probate court erred in allowing an immediate distribution of real property and office furniture to Rubino, without conditions. We disagree.

MCL 700.3952(2) permits a probate court to impose appropriate conditions on a distribution of assets when closing an estate. At the time the probate court approved the partial distribution of assets to Rubino, it determined that appellant's objections were no longer valid because the court had disallowed appellant's requested fees. We agree with appellant that our Supreme Court long ago held in *In re McNamera's Estate*, 167 Mich 406, 410; 132 NW 1078 (1911), that sufficient assets should be retained in an estate to pay expenses before distributions of assets are made. But after examining the statutory scheme then in effect, the Court held that "the legislative intent was that no distribution of an estate should be made until it appeared that all lawful claims against it had been satisfied or protected by 'effects' reserved in the hands of the executor or administrator, but, further than that, there is neither wisdom nor authority warranting a holding that the surplus may not be distributed from time to time if necessary." *Id.*

The current statutory scheme in EPIC establishes a priority order for the payment of claims if there is insufficient estate property to pay all claims. MCL 700.3805. The highest priority is given to the "costs and expenses of administration." MCL 700.3805(1)(a). But considering that the probate court had already disallowed appellant's request for attorney fees as an administrative expense of the estate, the court did not abuse its discretion in allowing the partial distribution. *In re Temple Marital Trust*, 278 Mich App at 128. We reject appellant's argument that the probate court should have imposed conditions in anticipation that appellant would appeal the court's order disallowing the requested attorney fees. If appellant believed that the distribution would leave the estate without sufficient assets to pay any attorney fees recovered in a successful appeal, appellant could have moved for a stay pending the appeal.

We also reject appellant's suggestion that the probate court could have imposed a constructive trust on the distribution of assets to Rubino. A constructive trust is an equitable remedy that may be imposed by a court to prevent unjust enrichment. *Coalition Protecting Auto*

---

[5] We note that, based on our review of the record, the majority, if not all, of the requested fees appear meritless.

*No-Fault v Mich Catastrophic Claims Ass'n*, 305 Mich App 301, 325-326; 852 NW2d 229 (2014), lv pending. It is imposed only where property is obtained through fraud, misrepresentation, concealment, undue influence, and other circumstances where it would be unconscionable for the holder of the legal title of the property to retain and enjoy the property. *Id.* The doctrine is inapplicable in this case, considering that Rubino's status as a proper distributee of estate assets was not challenged and that appellant, the only party who claimed an interest in abating Rubino's interest in estate assets, failed to convince the probate court of any need for abatement.

We further disagree with appellant's suggestion that its request to surcharge Rubino in its objections to the petition for partial distribution provided a basis for imposing conditions on the distribution. Under MCL 700.3808(4), an issue of liability between the estate and personal representative may be determined in a proceeding for surcharge. MCL 700.3712 provides that "[i]f the exercise or failure to exercise a power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from the breach of fiduciary duty to the same extent as a trustee of an express trust." But MCL 700.3703(2) provides that "[a] personal representative shall not be surcharged for acts of administration or distribution if the conduct in question was authorized at the time." Because appellant did not commence a surcharge proceeding against Rubino, and the probate court approved the partial distribution of estate property, appellant's surcharge argument affords no basis for disturbing the probate court's decision to approve the distribution of estate assets to Rubino without conditions.

Lastly, appellant has not established any basis for concluding that the probate court abused its discretion by refusing to adjourn the October 30, 2013 hearing. *Soumis v Soumis*, 218 Mich App 27, 32; 553 NW2d 619 (1996). In sum, we find no basis for disturbing the probate court's order allowing the partial distribution of estate assets to Rubino without conditions.

Appellant raises additional issues in Docket No. 319145 concerning whether Rubino should be removed as personal representative of the decedent's estate, whether Siriani should be disqualified, whether further court orders to protect the estate should be entered, and whether a surcharge against Rubino and sanctions are warranted. Appellant also argues that Rubino and Siriani were serving their own self-interests, and not the interests of the estate and "good public policy." The Legislature is charged with creating public policy. *Meier v Awaad*, 299 Mich App 655, 673; 832 NW2d 251 (2013). Appellant's arguments mostly relate to the probate court's decisions disallowing appellant's requested fees and allowing the partial distribution of assets to Rubino. As previously discussed, appellant is entitled to partial reversal of the probate court's order disallowing its requested attorney fees and a remand for further proceedings. To the extent that appellant's arguments go beyond those issues, we decline to address them because they were not decided by the probate court and our jurisdiction is limited to specific orders affecting the rights and interests of an interested person. See MCR 7.203(A)(2) and MCR 5.801(B). Any

additional arguments raised by appellant and not specifically addressed in this opinion were reviewed, and rejected. [6]

### III.  DOCKET NOS. 319723 & 320189

Appellant's appeals in Docket Nos. 319723 and 320189 both pertain to the probate court's award of sanctions on October 30, 2013.  In Docket No. 319723, appellant appeals the probate court's order awarding sanctions of $31,563.60 to Siriani for his defense of appellant's petition and first amended petition for attorney fees, and in Docket No. 320189 appellant appeals the probate court's subsequent December 30, 2013 civil judgment for this award of sanctions, with statutory interest.

We note as a threshold matter that this Court's jurisdiction to consider a probate court's final order allowing fees, see MCR 5.801(B)(2)(x), is properly based on the October 30, 2013 order, and not the December 30, 2013 judgment.  The October 30, 2013 order contains the probate court's final determination of sanctions.  See *John J Fannon Co v Fannon Prod, LLC*, 269 Mich App 162, 165-166; 712 NW2d 731 (2005).  It is not necessary that a court's final determination be labeled a "judgment."  *Cheron, Inc v Don Jones, Inc*, 244 Mich App 212, 220 n 4; 625 NW2d 93 (2000).  Properly viewed, the December 30, 2013 judgment is essentially an amendment to the probate court's final determination of sanctions in its October 30, 2013 order, recasting it as a civil judgment, but with an added provision for statutory interest.

Turning to appellant's specific challenges to the order and judgment, the record does not support appellant's argument that the probate court failed to sign the October 30, 2013 order in conformity with the procedure prescribed in MCR 2.602(B).  Regardless, even if some procedural error did occur with respect to the entry of that order, it was harmless.  MCR 2.613(A).

We also reject appellant's argument that the probate court violated the automatic stay provision in MCL 600.867(1) by entering the October 30, 2013 order.  MCL 600.867(1) provides that "[a]fter an appeal is claimed and notice of the appeal is given at the probate court, all further proceedings in pursuance of the order . . . appealed from shall cease until the appeal is determined."  Where a probate court order contains multiple orders, the automatic stay applies only to those orders over which this Court acquires jurisdiction.  *Comerica Bank v City of*

---

[6] Rubino asserted in Docket No. 319145 that the probate court did not err in approving Siriani's attorney fees and costs, or in approving Rubino's fiduciary fees, as listed in Rubino's petition for allowance of the final account.  However, appellant did not appeal the probate court's order approving the final account, and thus the propriety of Rubino's final account is outside the scope of this appeal.  Although appellant nonetheless responds to personal representative Rubino's argument by asserting in a reply brief that the probate court erred in failing to honor its standing to object to those fees, raising an issue for the first time in a reply brief is insufficient to present the issue for appeal.  *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).  Accordingly, this issue is not properly before us and we decline to consider it.

*Adrian*, 179 Mich App 712, 729-730; 446 NW2d 553 (1989). Although the September 24, 2013 order permitted Siriani to file a petition for attorney fees, there was no appealable order until after the petition was filed and the probate court either awarded or disallowed the requested fees. Further, because the claim of appeal in Docket No. 319145 was not filed until after the October 30, 2013 order was entered, no provision in the September 24, 2013 order was subject to an automatic stay when the probate court awarded the sanctions.

But having concluded that a remand is warranted for further proceedings to determine whether appellant is entitled to recover any fees that are compensable as an administrative expense of the decedent's estate, we conclude that reconsideration of Rubino's petition for sanctions is also appropriate on remand. However, we address some of appellant's additional arguments raised on appeal in the event they might arise again on remand.

We find no support for appellant's claim that the probate court refused its request for an evidentiary hearing. To the contrary, the probate court placed Siriani under oath for the purpose of questioning him regarding his requested fees. Nothing in the record indicates that Hansen requested an opportunity to cross-examine Siriani, or to present any countervailing evidence at the October 20, 2013 hearing, let alone that the probate court denied any such requests. Therefore, while it is not always necessary to conduct an evidentiary hearing to determine reasonable attorney fees, *John J Fannon*, 269 Mich App at 171, we are unable to conclude that the probate court failed to afford appellant with an evidentiary hearing to address any factual disputes regarding the requested fees. See generally *Smith v Khouri*, 481 Mich 519, 532; 751 NW2d 472 (2008) ("[i]f a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence.").

We are also not persuaded that the probate court shifted the burden of proof away from Rubino and Siriani to support the requested fees. *Vittiglio v Vittiglio*, 297 Mich App 391, 408; 824 NW2d 591 (2012). Further, while MCR 5.131(B) permits discovery in a probate proceeding, we are not persuaded that the probate court abused its discretion by declining to adjourn the evidentiary hearing regarding sanctions to permit additional discovery.

In addition, we reject appellant's argument that the probate court is required to consider the parties' ability to pay when determining the reasonableness of requested attorney fees. The factors in MRPC 1.5(a) and *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982), are generally considered in determining a reasonable attorney fee. See *Smith,* 481 Mich at 531. Other relevant factors may also be considered. *Id.* at 531 n 15. But appellant's reliance on *Donnelley v Donnelley*, 80 Ill App 3d 597; 400 NE2d 56 (1980), in support of its position that ability to pay is an appropriate additional factor is misplaced because *Donnelley* involved the allowance of attorney fees in a divorce action. In Michigan, a court may award attorney fees in a domestic relations matter based on a party's ability to pay the expense of the action. MCR 3.206(C)(2)(a). These principles are not relevant to a determination of reasonable attorney fees awarded as sanctions in this case.

However, as discussed in *Smith*, 481 Mich at 530-531, the analytical approach for determining a reasonable attorney fee begins with a determination of the fee customarily charged

in the locality for similar services. After multiplying this customary fee by a reasonable number of hours expended in the case, the number produced is adjusted up or down, as appropriate, considering the factors in MRPC 1.5(a) and *Wood*, 413 Mich at 588. *Id.* at 531. Although the probate court addressed various factors in *Wood* and articulated that it had also considered MCR 1.5(a), it failed to make any determination regarding the customary fee or to follow the analytical approach in *Smith*, 481 Mich at 530-531. If the probate court again determines on remand that Rubino is entitled to an award of attorney fees as a sanction, it shall follow the analytical approach in *Smith*, *id.*, for determining a reasonable fee.

Appellant asserts that the probate court erred in relying on MCL 600.2591 as a source of authority in awarding sanctions. We do not address this claim because the court was able to award sanctions pursuant to MCR 2.114(E) or (F), and, thus, any claimed error was harmless. MCR 2.613(A). Further, "[t]his Court will affirm where the trial court came to the right result even if for the wrong reason." *Fisher v Blankenship*, 286 Mich App 54, 70; 777 NW2d 469 (2009).

With respect to the December 30, 2013 civil judgment for the awarded sanctions, we agree with appellant that entry of the judgment violated the automatic stay provision in MCL 600.867 with respect to appellant's appeal of the October 30 order in Docket No. 319723, which was filed on December 27, 2013. We also find merit to appellant's argument that the probate court erred in treating the sanctions award as a civil judgment, subject to statutory interest commencing as of October 30, 2013. MCL 600.6013(1) provides that "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in this section." Here, the current matter was not a civil action, but rather a probate court proceeding. See MCR 5.101. Although the probate court is permitted to order an "appropriate sanction" under MCR 2.114(E), the probate court on remand should enter any final order or judgment awarding sanctions consistent with the limitation in MCL 600.6013(1) for statutory interest.[7]

Lastly, similar to the appeal in Docket No. 319145, appellant raises several additional issues concerning whether Rubino should be removed as personal representative, whether Siriani should be disqualified, and whether other relief is warranted. As explained in section II, these issues are not properly before us and we decline to consider them Further, any arguments raised by appellant and not specifically addressed in this opinion were reviewed, and rejected.

In sum, we vacate the probate court's October 30, 2013 order awarding sanctions and the corresponding December 30, 2013 civil judgment, and remand for reconsideration of Rubino's petition for sanctions after the court first decides whether to allow any of appellant's requested attorney fees.

---

[7] We note that the probate court could potentially order interest as part of an "appropriate sanction" under MCR 2.114(E) for a violation of MCR 2.114(D).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award costs because neither party prevailed in full. MCR 7.219.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood